# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Bobby T. Sheppard, | : | **Death Penalty Case** |
| | : | |
| Petitioner, | : | Case No. 1:00cv493 |
| | : | |
| -vs- | : | Judge Walter Herbert Rice |
| | : | |
| Margaret Bagley, Warden, | : | Magistrate Judge Merz |
| | : | |
| Respondent. | : | |

## PETITIONER'S REPLY MEMORANDUM IN RESPONSE TO RESPONDENT'S POST-EVIDENTIARY HEARING BRIEF

The State applies the wrong standards under the ADEPA in its post-hearing brief.  The issue of juror misconduct turns not on an issue of credibility but rather on the issue of whether prejudice arose from jury misconduct.  The issue before the Court, therefore, is a mixed question of law and fact, which means that neither the presumption of correctness applies, nor an analysis under 22 U.S.C. 2254(d)(2) as to whether the state courts "unreasonably determined" the facts.  Instead, this Court must determine whether the record before it demonstrates under 22 U.S.C. 2254(d)(1) that the state court's finding of no constitutional error was an "unreasonable application of clearly established Federal law."  And here, there can be no doubt:  Juror Fox has admitted to engaging in misconduct, and he has admitted that the misconduct made it "easier" to "vote for death."  Such facts demonstrate a clear violation of Sheppard's rights to Due Process as established by the Supreme Court of the United States.

Respectfully submitted,

**s/Geoffrey J. Moul**
Geoffrey J. Moul (0070663)
Trial Attorney for Petitioner
Murray Murphy Moul + Basil LLP
326 S. High Street, Suite 400
Columbus, Ohio 43215
Telephone:  (614) 469-0400
Facsimile:  (614) 469-0402
Email:  moul@mmmb.com

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    There Is No Issue of Credibility; Juror Fox Unequivocally Stated His Extrajudicial Investigation Influenced His Verdict.**

As this Court is aware, Mr. Fox stated unequivocally that Ms. Jones' comments "influenced his verdict" and made it "easier" for him to vote for death. (6/24/02 Evid. Hr. Tr. 137-138)  Sheppard, therefore, is not asking this Court to assess Mr. Fox's credibility.

**II.    The Issue of Juror Misconduct Is A Mixed Question of Law And Fact, Driving The Application of A Different Legal Standard Than That For Which The State Argues.**

The issue of whether misconduct prejudiced a defendant has always been considered a "mixed question of law and fact" by the Sixth Circuit. *U.S. v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001) (whether prosecutorial misconduct was prejudicial is a mixed question); *see also*, *O'Connell v. Straub*, 2003 U.S. App. Lexis, 23843 (6th Cir. 2003) (issues of whether counsel's action prejudiced Defendant is a mixed question).  The Sixth Circuit has explicitly stated that whether a Defendant has been prejudiced by extraneous influences on a juror involves an analysis of a "mixed question of law and fact."  *Nevers v. Killinger*, 169 F.3d 352, 360 (6th Cir. 1999) (issue of whether pretrial publicity prejudiced Defendant is mixed question).  Indeed, every circuit that has addressed the issue has stated that the issue of "whether juror misconduct has prejudiced a defendant is a mixed question of law and fact." *See, e.g., Vigil v. Zavaras*, 298 F.3d 935, 941-942 (10th Cir. 2002); *Rodriguez v. Marshall*, 125 F.3d 739, 744 (9th Cir. 1997).

Accordingly, the standard of review for this Court is *de novo*. The presumption of correctness "only applies to basic, primary facts, and not to mixed questions of law and fact…" *Roe v. Baker,* 316 F.3d 557, 562 (6th Cir. 2003).  And, therefore, the question this Court must answer in deciding whether to grant Sheppard's habeas petition on juror misconduct grounds is not whether – as the Respondent contends –  under 2254(d)(2) the state court made an

unreasonable determination of the facts, but rather whether the state's decision "involved an unreasonable application of, clearly established law..." *O'Connell v. Staub*, 2003 U.S. App. Lexis 23843, *6 (6th Cir. 2003); *Hunt v. Mitchell*, 261 F.3d 575, 580 (6th Cir. 2001).

**III.    Juror Fox's Testimony Alone Is Sufficient For The Grant Of The Writ Because It Demonstrates Sheppard Was Denied Due Process, As Established By Clearly Established Federal Law.**

The Supreme Court has clearly established that Due Process requires a jury willing to "decide the case solely on the evidence before it." *Smith v. Phillips* (1982), 455 U.S. 209, 217, 102 S. Ct. 940, 946, 71 L. Ed. 2d 78, 86. *See also, Remmer v. United States* (1954), 347 U.S. 227, 229, 74 S. Ct. 450, 451, 98 L. Ed. 654, 656. Here, Juror Fox prejudiced Sheppard by denying Sheppard his rights to Due Process. He prejudiced Sheppard when he allowed the verdict to be influenced by extraneous information that made it "easier" to vote for death. (6/24/02 Evid. Hr. Tr. 137-138); (Trial Tr. 1254-59)

**IV.    The State Is Wrong That Sheppard Should Be Barred From Relying On Smalldon's and Jones' Testimony From The Evidentiary Hearing.**

The State argues in Sections I(B)(1) and (2) that this Court should not rely on the testimony of three witnesses already heard in this case, namely Ms. Flannagan, Ms. Jones, and Dr. Smalldon.

This Court can rely on the testimony because Petitioner did not fail to exercise due diligence in offering their testimony.

*First*, as Petitioner has asserted before in this case, it was the state trial judge's obligation to conduct a more extensive inquiry into the juror's misconduct once that misconduct came to light.[1] *See e.g., Dyer v. Calderon,* 151 F. 3d 970, 978 (9th Circuit 1998).

---

[1] Petitioner will not argue the point at length here because this District Court has already rejected the argument in this case. Petitioner, however, raises the point again simply to preserve his rights on appeal to assert the argument.

*Second*, Petitioner used diligence.  Petitioner called for the in camera hearing with Juror Fox.  Next, Petitioner filed a motion for a new trial.  Petitioner in fact obtained an affidavit from Ms. Jones at state court, which it offered at the hearing on the motion for new trial. (ROW Appendix, Vol II, p. 1, 40)  Just prior to the argument on that motion, the state offered a subsequent affidavit from Ms. Jones, in which she testified that she "thoroughly reviewed" Dr. Smalldon's testimony and that it was consistent with what she said to Mr. Fox.  (ROW Appendix, Vol II, p.53)  In this *habeas* matter, however, Ms. Jones has stated that she did not in fact review the transcript. (6/25/02 Ev. Hr. Tr. 191-193, 198)  Similarly, she has stated that she had no basis for concluding that her statements were the same as Dr. Smalldon's, given her lack of experience or qualifications on the issue.  (Traverse. at 27-28)  Accordingly, Petitioner did not fail to exercise due diligence.  A Defendant should not be held to have failed to do anything when the failure is based on reliance upon false and misleading testimony.

*Third*, once Ms. Jones' misrepresentations come to light, Dr. Smalldon's testimony becomes relevant and admissible to follow up on and to establish why the full statement by Ms. Jones to Mr. Fox was grossly misleading, wrong and prejudicial.

## V.    If Petitioner Failed To Exercise Due Diligence, The Evidence Is Admissible On Petitioner's Ineffective Assistance of Counsel Claim.

If Petitioner failed to exercise due diligence in offering the testimony of the witnesses called at the evidentiary hearing, then the evidence is still admissible to demonstrate that Petitioner's trial counsel was ineffective.  (Ninth Claim For Relief)  The evidence clearly demonstrates that Ms. Jones' description of paranoid schizophrenia as a "communication disorder" and a person suffering from it as "out of touch with reality" offered Mr. Fox a grossly misleading and prejudicial description of what occurred.  (Traverse at 39-41)  With Mr. Sheppard's life on the line, any reasonable attorney would have called Ms. Jones to testify on

exactly what she stated to Mr. Fox.  Any competent attorney would similarly have called Dr.

Smalldon to testify why the description by Ms. Jones was completely inaccurate and misleading.

But for the omission of this evidence, Sheppard would have demonstrated that he was denied

Due Process.  *See Strickland v. Washington* (1984), 466 U.S. 668, 687-88.

<div style="margin-left:40%;">

Respectfully submitted,

**s/Geoffrey J. Moul**
Geoffrey J. Moul (0070663)
Trial Attorney for Petitioner
Murray Murphy Moul + Basil LLP
326 S. High Street, Suite 400
Columbus, Ohio 43215
Telephone:  (614) 469-0400
Facsimile:  (614) 469-0402
Email:  moul@mmmb.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Charles L. Wille
Assistant Attorney General
Capital Crimes Section
30 E. Broad Street, 26th Floor
Columbus, OH  43215

<div style="margin-left:40%;">

**s/Geoffrey J. Moul**

</div>