# APPENDIX

*O'Connell v. Straub*, 2003 WL 22782413 (6th Cir. 2003)                                          A2



81 Fed.Appx. 571  Page 1
(Cite as: 81 Fed.Appx. 571, 2003 WL 22782413 (6th Cir.(Mich.)))

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

NOT RECOMMENDED FOR FULL--TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,
Sixth Circuit.

Dana O'CONNELL, Petitioner-Appellant,
v.
Dennis STRAUB, Warden, Respondent-Appellee.

No. 01-2729.

Nov. 20, 2003.

Following affirmance of conviction based on rape of his five-year-old stepdaughter, 1998 WL 1988681, petitioner sought writ of habeas corpus. The United States District Court for the Eastern District of Michigan rejected petitioner's claims that he was denied a fair trial and effective assistance of counsel, and he appealed. The Court of Appeals, Cook, J., held that: (1) fact that trial court allowed medical expert, who had examined child rape victim, to testify even though defense counsel did not obtain her report until the morning of trial did not violate defendant's constitutional right to fair trial absent showing that there was any Brady violation, and (2) defendant failed to establish prejudice resulting from trial counsel's failure to timely obtain report of medical expert who had examined child rape victim, and thus, defendant could not demonstrate ineffective assistance of counsel.

Affirmed.

West Headnotes

[1] Criminal Law 700(5)
110k700(5) Most Cited Cases

Fact that trial court allowed medical expert, who had examined child rape victim, to testify even though defense counsel did not obtain her report until the morning of trial did not violate defendant's constitutional right to fair trial absent showing that there was any *Brady* violation; prosecutor was unaware that expert had prepared a report, and trial judge was the one who found the report in the court's file, and report was neither exculpatory nor impeaching, and defense counsel's interview with expert before she testified eliminated any potential for prejudice due to his not having received her report earlier.

[2] Criminal Law 641.13(6)
110k641.13(6) Most Cited Cases

Defendant failed to establish prejudice resulting from trial counsel's failure to timely obtain report of medical expert who had examined child rape victim, and thus, defendant could not demonstrate ineffective assistance of counsel. U.S.C.A. Const.Amend. 6.

*572 On Appeal from the United States District Court for the Eastern District of Michigan.

Marla R. McCowan, State Appellate Defender Office, Detroit, MI, Rolf E. Berg, State Appellate Defender Office, Lansing, MI, for Petitioner-Appellant.

Debra M. Gagliardi, Asst. Atty General, Office of the Attorney General, Lansing, MI, for Respondent-Appellee.

BEFORE: SILER, BATCHELDER, and COOK, Circuit Judges.

OPINION

COOK, Circuit Judge.

**1 Dana O'Connell appeals the district court's

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

denial of his 28 U.S.C. § 2254 application for a writ of habeas corpus. The district court rejected O'Connell's claims that he was denied a fair trial and effective assistance of counsel. We **AFFIRM** the judgment of the district court.

## I. BACKGROUND

O'Connell was charged in Michigan state court with raping his five-year old stepdaughter. Prior to trial, defense counsel requested copies of any medical reports. The prosecutor provided the names of anticipated witnesses, including Linda Hibst, a medical expert who examined the child, but was unaware any reports existed. Defense counsel then sent a letter to Hibst asking her to send any reports she prepared to the court.

On the morning of trial, the judge found a copy of Hibst's examination report in the court file attached to defense counsel's letter. Because defense counsel had not seen the report in advance, the court allowed him to interview Hibst before she testified. Though Hibst testified to finding an adhesion during her examination of the child, she could not say with certainty that it resulted from sexual abuse. Defense counsel effectively cross-examined Hibst, highlighting the weaknesses in the bases of her conclusions.

The jury returned a guilty verdict. O'Connell appealed to the Michigan Court of Appeals, which affirmed. The Michigan Supreme Court declined to review his case.

## II. ANALYSIS
### A. Standard of review

This court reviews a district court's decision to deny habeas corpus relief de novo and the district court's findings of fact for clear error. *Palazzolo v. Gorcyca,* 244 F.3d 512, 515 (6th Cir.2001).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), federal courts may not grant habeas relief for claims adjudicated on their merits in a state court proceeding, unless that state court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

### B. *Brady* claim

[1] O'Connell argues that he was denied his constitutional right to a fair trial because the trial court allowed Hibst to testify even though defense counsel did not obtain her report until the morning of trial. Having examined the record, we agree with the district court that O'Connell's fair-trial claim implicated no *constitutional* right because he failed to establish a *Brady* violation.

A defendant establishes a *Brady* violation by showing that: (1) the prosecutor suppressed material evidence, (2) the evidence was favorable to the accused because *573 it was either exculpatory or impeaching, and (3) prejudice resulted. *See Strickler v. Greene,* 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). Evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result would have been different. *Id.* at 280 (citations omitted).

**2 The district court correctly concluded that O'Connell failed to establish any of the elements of a *Brady* violation. First, there are no facts to support O'Connell's contention that prosecutors suppressed Hibst's report. In fact, paragraphs 13 and 15 of trial counsel's affidavit in support of O'Connell's Motion to Remand, filed in state court, demonstrate that the prosecutor assigned to the case was unaware that Hibst had prepared a report. It was the trial judge who found the report in the court's file, attached to defense counsel's letter to Hibst requesting a copy of her report be sent to the trial court. Second, Hibst's report was neither exculpatory nor impeaching. Last, defense counsel's interview with Hibst before she testified eliminated any potential for prejudice due to his not having received her report earlier. With the preparation time the court allowed, counsel effectively cross-examined Hibst. We agree with the district court's conclusion that O'Connell failed to demonstrate a *Brady* claim.

### C. Ineffective assistance claim

[2] Having found no *Brady* violation, we consider O'Connell's alternative argument that he received ineffective assistance of counsel. O'Connell contends counsel's failure to timely obtain Hibst's report amounted to deficient performance. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Therefore, we apply the "unreasonable application" prong of § 2254(d)(1). *Hunt v. Mitchell,* 261 F.3d 575, 580 (6th Cir.2001). A state court unreasonably applies Supreme Court precedent if the state court identifies the correct

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

81 Fed.Appx. 571                                                                                                                Page 3
**(Cite as: 81 Fed.Appx. 571, 2003 WL 22782413 (6th Cir.(Mich.)))**

governing legal rule but unreasonably applies it to the facts of the particular case. *Williams v. Taylor,* 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The Supreme Court established a two prong test to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the test must be satisfied in order to grant relief. After reviewing the facts of this case, we agree with the district court and the Michigan Court of Appeals that O'Connell cannot establish that he was prejudiced by any conduct of his defense counsel. Absent prejudice, his claim fails.

### III. CONCLUSION
We **AFFIRM** the judgment of the district court.

81 Fed.Appx. 571, 2003 WL 22782413 (6th Cir.(Mich.))


Briefs and Other Related Documents (Back to top)

- 01-2729         (Docket) (Dec. 26, 2001)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

A4