**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BOBBY T. SHEPPARD, ) | |
| ) | CASE NO. C-1-00-493 |
| Petitioner, ) | |
| ) | JUDGE RICE |
| v ) | |
| ) | MAGISTRATE JUDGE MERZ |
| MARGARET BAGLEY, WARDEN, ) | |
| ) | |
| Respondent. ) | |

**THE WARDEN'S RESPONSE TO "PETITIONER'S LIMITED OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF JUNE 1, 2004."**

Respondent Margaret Bagley herein responds to Petitioner's objections as described above.

A memorandum in support follows.

Respectfully Submitted,

**JIM PETRO (0022096)**
**Ohio Attorney General**

s/Charles L. Wille
**CHARLES L. WILLE (0056444)**
**Senior Assistant Attorney General**
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR THE WARDEN**

**ARGUMENT IN RESPONSE**

1. **The Magistrate Judge correctly recommended denial of relief on Sheppard's Seventh Ground.**

Sheppard's Seventh Ground alleged that misconduct by Juror Stephen Fox deprived him of a fundamentally fair trial. Sheppard presented this claim to the Supreme Court of Ohio on direct appeal. Adjudicating on the "merits" and denying relief, the Supreme Court of Ohio held as follows:

> In Proposition of Law No. 1, appellant argues that he is entitled to reversal of the death sentence and imposition of a life sentence because of the misconduct of one juror during the penalty phase. In Proposition of Law No. 2, appellant contends that the trial court improperly considered a psychologist's affidavit in considering this issue. We reject both arguments.
>
> After the jury had recommended the death penalty and had been discharged, the state learned that one juror had independently contacted a psychologist for a definition of paranoid schizophrenia. The contact was made before jury deliberations in the penalty phase. The court conducted a brief hearing and examined the juror. The juror testified that the psychologist gave him a "very, boiled down, short" definition that "those kind of people [paranoid schizophrenics] just are not really in touch with reality." The juror testified that this definition did not differ from what he had heard at trial, and it did not affect the deliberations in any way. The juror did not share this information with other jurors. Following appellant's motion for a new trial based upon juror misconduct, the state submitted an affidavit from the psychologist in question, stating that the brief definition she had given to the juror was totally consistent with defense testimony.
>
> The juror's decision to ask his psychologist friend for an outside opinion constitutes juror misconduct. "Due process means a jury capable and willing to decide the case solely on the evidence before it[.]" <u>Smith v. Phillips</u> (1982), 455 U.S. 209, 217, 102 S. Ct. 940, 946, 71 L. Ed.2d 78, 86. "In a criminal case, any private communication, contact, or tampering* * * with a juror during a trial about the matter pending before the jury is * * * deemed presumptively prejudicial[.]" <u>Remmer v. United States</u> (1954), 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L. Ed. 654, 656. But "the presumption is not conclusive." <u>Id</u>. In fact, <u>Smith v. Phillips</u> modified the concept of presumed prejudice and required the party complaining about juror misconduct to prove prejudice. 455 U.S. at 215-217, 102 S. Ct. at 945, 71 L. Ed.2d at 85-86. <u>See United States v. Zelinka</u> (C.A.6, 1988), 862 F.2d 92, 95; <u>United States v. Sylvester</u> (C.A.5, 1998), 143 F.3d 923, 933-934.
>
> Additionally, Ohio courts have a long-standing rule "not [to] reverse a

> judgment because of the misconduct of a juror unless prejudice to the complaining party is shown." State v. Hipkins (1982), 69 Ohio St.2d 80, 83, 23 Ohio Op.3d 123, 125, 430 N.E.2d 943, 946. Accord State v. Keith (1997), 79 Ohio St.3d 514, 526, 684 N.E.2d 47, 60. The defense must establish that an outside communication "biased the juror." Id., citing State v. Phillips (1995), 74 Ohio St.3d 72, 88-89, 656 N.E.2d 643, 661. Under Crim.R. 33(A)(2), juror misconduct must materially affect an accused's [***9] substantial rights to justify a new trial. See, also, R.C. 2945.79(B).
>
> Here the trial court determined that appellant suffered no harm or prejudice as a result of the juror's brief conversation with the psychologist. A court may determine that a juror's impartiality has remained unaffected based upon that juror's testimony. Smith v. Phillips, 455 U.S. at 215, 102 S. Ct. at 945, 71 L. Ed.2d at 85. In fact, the juror's brief conversation clearly did not prejudice appellant because the psychologist's comments reinforced expert defense testimony. Thus, if the juror was influenced at all, he could have been influenced only in appellant's favor, and the other jurors, unaware of the conversation, could not have been affected at all. Accordingly, appellant has not established that any prejudice resulted from this juror misconduct. Crim.R. 33(A)(2); Keith, 79 Ohio St.3d at 526, 684 N.E.2d at 60; Hipkins, 69 Ohio St.2d at 83, 23 Ohio Op.3d at 125, 430 N.E.2d at 946.

State v. Sheppard, 84 Ohio St.3d 230, 232-234 (1998).

The United States Magistrate Judge concluded, "Having made no showing that the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law, 28 U.S.C. Section 2254(d)(1), or that the state trial court's resolution of the juror misconduct issue was based on an unreasonable determination of the facts in light of the evidence presented at trial, 28 U.S.C. Section 2254(d)(2), Sheppard should be denied relief on his seventh ground." Report and Recommendations at page 84. In his objections, Sheppard now argues (1) that the Magistrate Judge erred in failing to treat the state courts' adjudications as involving "a mixed question of law and fact;" and (2) that in any event, given the evidence presented by Sheppard at the evidentiary hearing, the state trial court and the Magistrate Judge incorrectly denied him a fair trial. Sheppard's objections are without merit.

First, contrary to Sheppard's arguments, the Magistrate Judge applied the correct standard of review. As noted above, the Magistrate Judge concluded that the adjudications of the state courts

3

did not contravene clearly established federal law nor involve an unreasonable determination of the facts in light of the evidence presented at trial. Moreover, the Magistrate Judge correctly afforded a presumption of correctness to the trial judge's finding that Juror Fox was competent to serve. Smith v. Phillips, 455 U.S. 209, 217-218 (1982). In Smith, a juror failed to reveal at trial that he had submitted an employment application to the prosecutor's office. Based on the juror's statements at a post-trial hearing, the trial judge found that the application "in no way reflected a premature conclusion as to the [respondent's] guilt, or prejudice against the [respondent], or an inability to consider the guilt or innocence of the [respondent] solely on the evidence." The Supreme Court of the United States explicitly held that the trial judge's findings were "presumptively correct under 28 U. S. C. Section 2254(d)." See also Patton v. Yount, 467 U.S. 1025, 1036 (1984) (reversing decision of court of appeals that jury impartiality is a "mixed question of law and fact"), citing Rushen v. Spain, 464 U.S. 114, 120 (1983) (state court determination that juror's deliberations were not biased by ex parte communications is a finding of fact).

Second, the Magistrate Judge was clearly correct in holding that the state courts' adjudications were not objectively unreasonable *in light of the evidence presented in state court*. The Supreme Court of the United States has "made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." Holland v. Jackson, 542 U.S. __ (2004), 2004 LEXIS 4758, citing Yarborough v. Gentry, __ U.S. __, 124 S.Ct. 1 (2004). Moreover, when a habeas corpus petitioner seeks relief based on new evidence, the federal court must determine whether the petitioner diligently sought such evidence in state court, regardless of whether or not the petitioner requests an evidentiary hearing. Holland v. Jackson, Slip Opinion at 3-4 (Section 2254(e)(2)'s restrictions apply when the petitioner seeks relief based on new evidence without an evidentiary hearing).

4

As correctly determined by the Magistrate Judge, the record is more than sufficient to support the trial judge's finding that Juror Fox was able to render an impartial verdict. Moreover, to the extent Sheppard relies on evidence presented for the first time in federal habeas corpus, Sheppard offers no explanation whatsoever for his failure to present such information to the trial court. Indeed, as pointed out in the Warden's opposition to an evidentiary hearing, in lieu of developing further facts, Sheppard argued that the State had failed to produce sufficient evidence to overcome a presumption of prejudice. Accordingly, Sheppard's decision not to develop more evidence at the hearing in state court appears to have been a matter of deliberate strategy on the part of his trial counsel. *See* Return of Writ, Merit Brief of Appellant, Appendix, Vol. IV, page 104 ("Since the state has the burden of demonstrating the harmlessness of the juror misconduct, it was up to the state, or the trial court, and most assuredly *not* the defense, to present whatever evidence was available that the verdict was not influenced by juror Fox's misconduct.)(emphasis in the original).

For the above reasons, the Court should overrule Sheppard's objections and deny relief on Sheppard's Seventh Ground.

**2. The Magistrate Judge correctly recommended denial of relief on Sheppard's First Ground.**

Sheppard alleged, in his First Ground, that the trial court violated his constitutional rights by erroneously excusing a juror for cause. The Magistrate Judge concluded that Sheppard's claim is procedurally defaulted by virtue of Sheppard's failure to present to the state courts the allegedly erroneous exclusion as a violation of the federal constitution; and that, in any event, "Given the deference the trial judge's credibility determinations are due, this Court could not say that the judge's decision to excuse PJ-23 for cause 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or that

5

it 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Report and Recommendations at pages 31-33.

Sheppard first takes issue with the Magistrate Judge's procedural default determination. Sheppard argues that his claim is not procedurally defaulted because the state courts did not rely on his violation of a state procedural rule in denying relief. In the latter regard, Sheppard suggests that at most he failed to satisfy the exhaustion requirement. ("The issue concerning whether Sheppard adequately federalized his claim, however, raises a question of exhaustion, not procedural default."). In any event, Sheppard maintains that he "fairly presented" the substance of the constitutional claim he alleges in federal habeas corpus by citing the federal constitution in his state appellate briefs and by "discussing" related decisions of the Supreme Court of the United States. According to Sheppard, the claim he presented in state court asserted a violation of his Sixth Amendment rights in addition to asserting a violation of Ohio law. Sheppard's Objections at 19-22.

The Warden respectfully submits that Sheppard's objections reflect a mistaken view of the exhaustion and procedural default doctrines. The exhaustion rule requires the Court to ask not only whether Sheppard exhausted his Ohio remedies, but also whether he *properly* exhausted those remedies, i.e., whether he fairly presented to the Ohio Supreme Court on direct appeal the Sixth Amendment claim that he now asserts in his habeas corpus petition. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Thus, as correctly recognized by the Magistrate Judge, if Sheppard did not *properly* present on direct appeal a claimed violation of the Sixth Amendment, i.e., if he did not "fairly present" a Sixth Amendment claim, then the claim should be dismissed because it is procedurally defaulted. Id.

The Magistrate Judge concluded that Sheppard did not "fairly present" a Sixth Amendment claim to the state courts. As found by the Magistrate Judge, Sheppard argued on direct appeal that

6

Ohio law codified a more stringent standard than set forth by controlling precedents of the Supreme Court of the United States, and that failure to follow the governing Ohio rule constituted a violation of the federal constitution "because the due process clause of the Fourteenth Amendment protects the accused where the state unfairly deprives him of a right previously extended by the state, *even where the federal constitution guarantees no such right …*"   Appendix, Vol. VI, page 132 (emphasis supplied).  Thus, the Magistrate Judge correctly recognized that the claim presented by Sheppard on direct appeal, although couched in the alternative as a due process violation, exclusively relied on an alleged failure to comply with Ohio law.

And, contrary to Sheppard's arguments, he did not "fairly present" a Sixth Amendment claim by arguing a violation of due process under the Fourteenth Amendment and "discussing" related Supreme Court cases.  Picard v. Connor, 404 U.S. 270, 276 (1971) (petitioner's reference to the Fourteenth Amendment did not "fairly present"  the equal protection claim presented for the first time in federal habeas corpus); Anderson v. Harless, 459 U.S. 4, 6-7 (1982) (it is not enough if petitioner presented a "somewhat similar" state-law claim to the state courts, nor did petitioner "fairly present" claim that instruction unconstitutionally shifted burden of proof  by citing a state decision in which defendant claimed Fourteenth Amendment, due process right to instructions that were correct under state law ).  Accordingly, the Magistrate Judge correctly found that Sheppard procedurally defaulted his First Ground, insofar as it alleges a violation of the Sixth Amendment.

Based on the juror's statement to the effect that she "could only impose [the death penalty] on someone who was not sorry for what he had done," the Magistrate Judge held in the alternative that the trial judge reasonably found the juror's personal belief as to the importance of contrition substantially impaired her ability to render judgment according to the law, e.g., the law certainly permits the imposition of capital punishment notwithstanding the defendant's expression of remorse.

7

Report and Recommendation at page 32. Sheppard now argues that viewed "as a whole," the juror's responses indicate that she could have followed the law. Nevertheless, the trial court's contrary finding is supported by the record -- the juror indeed stated that she could not impose a sentence of death on a "remorseful" defendant:

> PROSPECTIVE JUROR NO. 23:   I'm not familiar with what circumstances which would be brought to light. If I felt that the person who was charged was guilty, was not sorry for what they did, and then I could impose it.
>
> THE COURT:   In other words, if he was sorry for it, and asked God for forgiveness, you could not impose the death penalty?
>
> PROSPECTIVE JUROR NO. 23:   Right.

Trial Transcript at page 329.

For the above reasons, the Court should overrule Sheppard's objections and deny relief on Sheppard's First Ground.

### 3. The Magistrate Judge correctly recommended denial of relief on Sheppard's Third Ground.

Sheppard alleged in his Third Ground that the trial court violated his constitutional rights by excluding specified evidence offered by the defense in the mitigation phase, including testimony by Shepard's mother and a social worker who assisted Sheppard's family for may years; two charts intended to aid the presentation of Dr. Smalldon's testimony; records pertaining to the Sheppard family's history of mental illness; and Dr. Smalldon's testimony concerning statements in a psychiatric treatise and a relevant excerpt from the treatise. The Magistrate Judge found that Sheppard procedurally defaulted his claim with respect to the testimony of Sheppard's mother and the social worker, by failing to present the allegations on direct appeal (the Magistrate Judge subsequently held that appellate counsel's alleged ineffectiveness did not constitute "cause and prejudice'); and that "consider[ing] each of the items of evidence claimed by Sheppard to have been

8

wrongfully excluded from the penalty phase of the trial," and "[finding] none to have implicated the federal constitution, nor do they do so cumulatively as there is nothing to cumulate," Sheppard was not entitled to relief in federal habeas corpus. Report and Recommendations at pages 38, 40.

In objecting to the Magistrate Judge's recommendation, Sheppard primarily complains that the Magistrate Judge gave "short shrift" to the allegation concerning the medical records by denying relief based entirely on a finding that the allegedly excluded records were not provided to the state appellate courts and therefore not a part of the habeas corpus record. Objections at page 31. Sheppard's complaint is unfounded. As noted above, the Magistrate Judge reviewed each item of evidence claimed to have been wrongfully excluded and found explicitly that exclusion of the evidence did not amount to a constitutional violation. Moreover, in finding that the trial court's exclusion of the medical charts did not rise to the level of a constitutional deprivation, the Magistrate Judge accurately cited Dr. Smalldon's extensive and obviously well-informed testimony concerning the history of mental illness in Sheppard's family. Report and Recommendations at page 39. In short, the Magistrate Judge fully considered the nature of the excluded evidence, in light of the record as a whole, in finding a lack of constitutional error or fundamental prejudice.

Sheppard also offers extensive argument that exclusion of mitigating evidence in effect is a per se violation of the Eighth Amendment, and that given the nature of the evidence excluded in this case, the error cannot be deemed harmless. The cases relied upon by Sheppard involved *categorical* exclusion of mitigating evidence. See Sawyer v. Smith, 497 U.S. 227, 236 (1990) ("Eddings [v. Oklahoma, 455 U.S. 104 (1982)] and Lockett [v. Ohio, 438 U.S. 586 (1978)] invalidated statutory schemes that imposed an absolute prohibition against consideration of certain mitigating evidence by the sentencer."); Hitchcock v. Dugger, 481 U.S. 393 (1987) (non-statutory mitigating factors); Skipper v. South Carolina, 476 U.S. 1 (1986) (adaptability to prison life). The Supreme Court has

never extended these holdings to find constitutional error based on the type of evidentiary rulings challenged in this case.[1] Accordingly, the Magistrate Judge correctly concluded that Sheppard's allegations are of no constitutional import.

For the above reasons, the Court should overrule Sheppard's objections and deny relief on Sheppard's Third Ground.

### 4. The Magistrate Judge correctly recommended denial of relief on Sheppard's Fourth Ground.

In his Fourth Ground, Sheppard claimed that various instructional errors during the penalty phase deprived him of his constitutional rights. Sheppard specifically alleged, among other things, that the trial court erred by "refus[ing] defense counsel's request to instruct the jury that it could consider one of the life sentences if they could not agree unanimously on the death sentence." Petition at page 25. Based on Jones v. United States, 527 U.S. 373, 381-384 (1999) (no constitutional requirement that capital sentencing juries be instructed as to the consequences of a deadlock I deliberations), as applied in Roe v. Baker, 316 F.3d 557 (6th Cir. 2002), Scott v. Mitchell, 209 F.3d 854 (6th Cir. 2000), and Coe v. Bell, 161 F.3d 320 (6th Cir. 1998), the Magistrate Judge concluded that "the instructions given in Sheppard's case are not contrary to clearly established federal law." Report and Recommendations, at page 51.

---

[1] Indeed, as noted by the Magistrate Judge, the Supreme Court of the United States in no uncertain terms has rejected the type of putative Eighth Amendment claim advanced by Sheppard. See Report and Recommendations, page 40, citing Romano v. Oklahoma, 512 U.S. 1, 11-12 (1994). That is understandable. For example, Sheppard argues that the excluded medical records would have corroborated Dr. Smalldon's testimony (Sheppard of course does not claim that the trial judge categorically prohibited the introduction of "family mental history evidence"), and that absent this corroboration the jury may have totally rejected mental illness as a mitigating factor (thereby violating the Eighth Amendment). It is not difficult to apply a similar chain of reasoning with respect to all evidentiary rulings in a capital sentencing hearing, which of course would result in elevating all state evidentiary rules to the level of Eighth Amendment commands.

Sheppard now argues, as he did in his Traverse, that relief is mandated by Davis v. Mitchell, 318 F.3d 682 (6th Cir. 2003), in which the Sixth Circuit held that instructions given in an Ohio capital case contravened Mills v. Maryland, 486 U.S. 367 (1988). The Magistrate Judge declined to apply Davis, reasoning that the Sixth Circuit's prior decisions in Roe, Scott and Coe were controlling. Report and Recommendations at page 47 (citing Madrigal v. Bagley, 276 F.Supp. 744, 783-785 (N.D. Ohio 2003). In objecting to the Magistrate Judge's recommended decision, Sheppard does not dispute that Davis is in conflict with Roe and Scott. In essence, he asks this Court to rule that the Sixth Circuit erred in Scott and Roe, and, on the basis of Davis, to find a violation of Mills v. Maryland in his case. Objections at page 48 ("The Davis Court Got The Analysis Right").

There is no need for the Court to take the unusual step of choosing which panel of the Sixth Circuit "got it right." The Warden of course agrees with the Magistrate Judge's reasoning, insofar as the Magistrate Judge declined to apply Davis to the instant case. There is however a more fundamental reason to accept the Magistrate Judge's basic recommendation to deny relief on Sheppard's claim. This Court may not grant habeas corpus relief, based solely on a determination that the instruction at issue violated the constitution, as interpreted by the Sixth Circuit in Davis. Esparza v. Mitchell, 124 S.Ct. 1, 11 (2004) ("A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous."). Rather, Sheppard must show that the state court's decision to deny him relief was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court, in light of the record before it. Holland v. Jackson, supra.

In his brief before the Ohio Court of Appeals, Sheppard argued that the trial court's instructions concerning "unanimity" with respect to its sentencing verdicts was erroneous as follows:

> The defense requested that the trial court insert the word "unanimously" in the portion of the instructions given at T.p. 1233: "If you find that the prosecutor has

11

> proved, beyond a reasonable doubt, that the aggravating circumstances outweigh mitigating factors, then you must impose the death penalty." The defense had asked that the word "unanimously" be inserted in the first sentence, which ought to have read "If you *unanimously* find, etc." Of course, the requirement of unanimity is required by the statutes, R.C. 2929.03. The refusal to include the requested word was thus erroneous."

Appendix, Vol. IV, page 189 (emphasis in original). The Ohio Court of Appeals denied relief, holding that the instructions elsewhere adequately explained to the jurors that their verdict had to be unanimous. Opinion of the Court of Appeals, Appendix, Vol. IV, Page 382.

It is readily apparent *from the state court record* that in rejecting Sheppard's instructional claim, the Ohio Court of Appeals (the last court to render a reasoned decision) did not contravene or unreasonably apply Mills v. Maryland or any other federal law as clearly established by the Supreme Court. In claiming a violation of the Eight and Fourteenth Amendments, Sheppard did not argue that the trial court's refusal to insert the word "unanimously" violated Mills v. Maryland, or that the trial court thereby precluded the jury from considering mitigating evidence. Rather, Sheppard based his allegations of constitutional error solely on the trial court's alleged failure to comply with Ohio's statutory command that the jury's verdict be unanimous. Thus, as pointed out in the Warden's Return of Writ, the Ohio Court of Appeals' decision cannot possibly be deemed contrary to or an unreasonable application of clearly established federal law. See Return of Writ at pages 80-81.

Moreover, assuming de novo review by this Court, the instructional error complained of by Sheppard on direct appeal *could not possibly* be deemed a violation of Mills v. Maryland. That case concerned a Maryland sentencing procedure that required that the jury render a "special verdict" on the existence of particular mitigating factors. The Supreme Court found a violation of the Eighth Amendment due to the theoretical and anomalous possibilities that a death sentence could be adjudged where all but one of the jurors believed that mitigating circumstances existed, or all twelve jurors believed that at least one of several mitigating circumstance was present, but could not

12

unanimously agree on a particular mitigating circumstance. See Beard v. Banks, __ U.S. __, 2004 U.S. LEXIS 4572, Slip Opinion at page 13, citing Mills, 486 U.S. at 373-374. Here Sheppard complained on direct appeal that the jury was *not* instructed that its verdict had to be unanimous. Therefore it is simply impossible that the problematic situations described in Mills could have occurred in Sheppard's case.[2]

For the above reasons, the Court should overrule Sheppard's objections and deny relief on Sheppard's Fourth Ground.

### 5.    The Court should deny relief with respect to Sheppard's Fifth Ground.

As noted in the Warden's objections, the Magistrate Judge concluded as follows with respect to the claims of prosecutorial misconduct insofar as they were properly presented to the state courts:

> In summary, the Court finds the comments relating to the cold-blooded, horrible nature of Dennis Willhide's murder were improper, as were the prosecutor's statements relating to the mental disease or defect mitigating factor, and the prosecutor's misstatement of the weighing process. Of the improper statements, only those relating to the mental disease or defect mitigating factor were flagrant and uncured.

Report and Recommendations at page 74. In his objections, Sheppard argues that the Magistrate Judge should have recommended a grant of the writ based on the "comments relating to the cold-blooded, horrible nature of Dennis Willhide's murder" and the "prosecutor's misstatement of the weighing process." Objections at page 50.

The Warden does not disagree with the *results* of the Magistrate Judge's de novo review of Sheppard's claims of prosecutorial misconduct, to the extent that the Magistrate Judge concluded that Sheppard's allegations do not warrant relief in federal habeas corpus. To the extent that the Magistrate Judge concluded that habeas corpus relief is required, the Warden has already objected;

---

[2] To the extent that the Mills violation that Sheppard now argues was not presented on direct

the Warden respectfully incorporates by reference her previous objections. For the reason stated previously by the Warden, the relevant decisions of the state courts rejecting Sheppard's claims of prosecutorial misconduct were not contrary to or an unreasonable application of federal law as clearly established by the Supreme Court of the United States.

Accordingly, the Court should overrule Sheppard's objections and deny relief with respect to Sheppard's Fifth Ground.

**6.    The Court should deny relief with respect to Sheppard's Fifteenth Ground.**

Finally, Shepard claimed, in his Fifteenth Ground, that "the cumulative effect of the errors set out in this petition compromised the fundamental fairness of Bobby's capital indictment, trial and direct appeals so as to result in a Constitutionally unreliable sentence." Petition at page 68. The Magistrate Judge concluded that none of the errors alleged in Sheppard's petition, including the errors set forth in the grounds of relief upon which the granting of the writ was recommended, "cumulate to warrant habeas relief." Report and Recommendations, page 109. Sheppard now objects to the Magistrate Judge's denial of the "cumulative error" claim, with specific respect to "the cumulative effect of the constitutional errors in the jury instructions, exclusion of relevant mitigating evidence, prosecutorial misconduct and jury misconduct." Objections at page 51.

The Warden respectfully submits that Sheppard's "cumulative error" claim cannot sustain relief in federal habeas corpus. See Derden v. McNeel, 978 F.2d 1453, 1457 (5th Cir. 1992) (noting that Supreme Court has never recognized "cumulative error" as a separately cognizable claim for relief in federal habeas corpus); Baze v. Parker, 371 F.3d 310 (6th Cir. 2004), Slip Opinion at 47-48 ("Because Baze cannot establish any errors to cumulate and because the theory that errors can be

---

appeal to the Ohio courts, it is procedurally defaulted. See Return of Writ, page 76.

14

considered in the aggregate depends upon non-Supreme Court precedent, this [cumulative error] claim is also without merit."); Teague v. Lane, 489 U.S. 288, 310 (1989) (new constitutional rules of criminal procedure generally will not be applied to cases which have become final before the new rules are announced).

Sheppard argues that the Ohio Supreme Court "neglected to review this claim" and therefore that this Court must conduct de novo review. Objections at page 51. Sheppard is mistaken. The Supreme Court of Ohio summarily denied the claim without discussion. State v. Sheppard, 84 Ohio St. 3d at 232. Also, the Ohio Court of Appeals specifically held in a reasoned though summary fashion, "Having considered the cumulative effect of the errors we have cited above, we are not persuaded that Sheppard was deprived of a fair trial." Opinion of the Court of Appeals, Appendix, Vol. IV, page 387. Accordingly, the standard of deference applies fully to the Fifteenth Ground. Title 28 U.S.C. Section 2254(d); Early v. Packer, 537 U.S. 3, 123 S.Ct. 362, 365 (2002) (Section 2254(d) "does not even require awareness of [the Supreme Court's] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."); Harris v. Stovall, 212 F.3d 930 (6th Cir. 2000).

For the above reasons, the Court should overrule Sheppard's objections and deny relief on Sheppard's Fifteenth Ground.

**REQUEST FOR RELIEF**

For all the foregoing reasons, the Court should deny with prejudice Sheppard's petition for a writ of habeas corpus.

                        Respectfully Submitted,

                        **JIM PETRO (0022096)**
                        **Ohio Attorney General**

s/Charles L. Wille
**CHARLES L. WILLE (0056444)**
**Senior Assistant Attorney General**
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us

**COUNSEL FOR THE WARDEN**

16

**CERTIFICATE OF SERVICE**

    I hereby certify that true and accurate copies of the foregoing *Response to Petitioner's Objections* were sent electronically, and via first-class U.S. Mail, postage prepaid, this 14th day of July, 2004, to:

| | |
|---|---|
| Geoffrey J. Moul, Esq., | Timothy R. Payne |
| 326 S. High Street, Suite 400, | Asst. State Public Defender |
| Columbus, Ohio, 43215 | Office of the State Public Defender |
| | 8 East Long Street, 11th Floor |
| | Columbus, Ohio, 43215 |
| | Email: PayneT@opd.state.oh.us |

    s/Charles L. Wille
    CHARLES L. WILLE (0056444)
    Senior Assistant Attorney General