UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Bobby T. Sheppard, | : | Death Penalty Case |
| Petitioner, | : | Case No. 1:00cv493 |
| -vs- | : | Judge Walter Herbert Rice |
| Margaret Bagley, Warden, | : | Magistrate Judge Merz |
| Respondent. | : | |

**PETITIONER'S REPLY IN SUPPORT OF HIS LIMITED OBJECTIONS TO THE REPORT AND RECOMMENDATIONS OF JUNE 1, 2004**

In opposition to Sheppard's objection, the Warden argues that Juror Fox's admissions at the evidentiary hearing are inadmissible under 28 U.S.C. §2254(e). The Warden is wrong for several reasons.

**First**, the Warden has waived any objection it had to the Magistrate admitting and relying on the testimony of Juror Fox. Fox's evidentiary hearing testimony (and the testimony of others) was taken under consideration by Judge Merz. In her post hearing brief, the Warden chose to not object to Fox's testimony on any grounds (including §2254(e), and in fact, the Warden affirmatively withdrew any objection to Fox's testimony in that brief. In contrast, in the same brief, the Warden did lodge an objection under §2254(e), but only to testimony offered by Anne Flannigan and Helen Jones. Thus, it comes as no surprise that the Magistrate relied on portions of Fox's testimony, nor does it come as a surprise that, despite the Magistrate's admission of and reliance upon Fox's testimony in the Report and Recommendation ("R&R"), the Warden did not

object to the R&R on that ground.

**Second**, contrary to the Warden's assertion, Sheppard did exercise due diligence by examining Fox in state court, so Fox's testimony before Judge Merz is admissible under 28 U.S.C. §2254(e). Sheppard and the state court trial judge examined Fox in state court, but his answers were different than those given before Judge Merz in Federal Court. Sheppard and his counsel cannot be blamed for failing to divine that Fox would change his testimony on whether he had been influenced by his misconduct from a "No" to a "Yes."[1]

The Sixth, Eighth and Fourteenth Amendments to the Constitution do not allow persons to be sent to death by jurors who admit to having been "influenced" by misconduct, who admit that misconduct "contributed to" a vote of death, and who admit that misconduct "made it easier" to vote for death. A writ is appropriate.

Respectfully submitted,

s/Geoffrey J. Moul
Geoffrey J. Moul (0070663)
Murray Murphy Moul + Basil LLP
326 S. High Street / Suite 400
Columbus, Ohio 43215
Telephone: (614) 469-0400
E-mail: moul@mmmb.com

Timothy R. Payne (0069329)
Assistant State Public Defender
Office of the Ohio Public Defender
8 E. Long Street, 11th Floor
Columbus, Ohio 43215
Telephone: (614) 466-5394

Counsel for Petitioner Bobby Sheppard

---

[1] Otherwise, if the Warden is contending that Fox did not change his testimony, the Warden is admitting that Fox conceded at the state trial court that his misconduct prejudiced Sheppard by giving him peace of mind to vote for death, so there can be no doubt that a writ is appropriate because Fox's actions plainly prejudiced Sheppard.

2

I. **Juror Stephen Fox Admitted His Misconduct "Influenced" His Vote, "Contributed" To His Vote And Made It "Easier" To Vote For Death.**

As this Court is aware, Juror Fox admitted in an evidentiary hearing before Magistrate Judge Merz that his death verdict was "influenced" by his call to Helen Jones during deliberations – a call which "contributed" to his vote and "made it easier" for him to vote for death:

> Q.   …You do agree with me that the information that Ms. Jones gave to you influenced your verdict; is that correct?
>
> A.   I'm sure to some degree, small degree.
>
> Q.   So the answer's yes?
>
> A.   **Yes**.
>
> Q.   And, again, to use your words [in your deposition], you agree that it contributed to your verdict of death; is that correct?
>
> A.   If that's, yeah, if that's what I said.
>
> Q.   Well irrespective of whether that's what you said, as you sit here today **you agree it contributed to your verdict?**
>
> A.   **Yes**, it must have.
>
> Q    …My understanding is at a minimum, it enabled you to affirm your conclusion that Mr. Sheppard was not paranoid schizophrenic; is that correct?
>
> A.   Yes.
>
> *Q.   So you will agree with me that the information given to you by Mrs. Jones made it easier for you to vote for death?*
>
> A.   I guess, yes.

(6/24/2002 Tr. of Evid. Hearing before J. Merz at 137-138).

After the hearing and thus having an opportunity to consider what should actually be barred, the Warden submitted a post hearing brief in which she argued that 28 U.S.C. 2254(e) barred only certain testimony – Helen Jones, Anne Flannigan and Dr. Smalldon – and the Warden strategically omitted any objection to Fox's testimony in that brief. (Resp. Post Evid. Hr. Brief at 14).  Rather than argue that Fox's testimony was barred by 2254(e)(2), the Warden attacked Fox's testimony as not meeting a "clear and convincing" standard to rebut the state court's findings. (*Id*. at 11-12).  Indeed, in footnote 1 of that brief, the State affirmatively withdrew any objection it had to Fox's testimony. (*Id*. at note 1).

Thus, given the lack of any contemporaneous or post-hearing objection, it should come as no surprise that Magistrate Merz cited to, admitted and relied upon Juror Fox's testimony.  *See, e.g.,* R&R at 80, 82-83.  The Magistrate specifically relied on the same Juror Fox testimony in finding no prejudice on the claim of juror misconduct:

> In fact, Fox implicitly suggests that Jones' definition only had the potential to help Sheppard when he testified **in this Court** that he would have voted against the death penalty if Jones' definition had persuaded him that Sheppard was paranoid schizophrenic. This statement, along with others . . . .fails to meet the high burden under the ADEPA."

(R&R at 83).[2]

Finally, despite the Magistrate's admission of Fox's testimony, the Warden did not file an objection to the Report and Recommendation on the admission of Fox's testimony within 10 days after the filing of the Report and Recommendation, although

---

[2] Although no cite is made here, Judge Merz is clearly referring to Fox's testimony previously referred to by Judge Merz at R&R at 80.

4

the Warden filed other objections.

## II. The Warden Waived Her Right To Object To Fox's Testimony

The Warden has waived her right to object to Fox's testimony. Having not objected at the hearing or in the post hearing brief to reliance on the testimony (indeed having withdrawn any objection), and having failed to object within 10 days after the filing of the R&R, the Warden cannot now be heard to complain. *U.S. v. Sensmeier,* 361 F.3d 982 at 987 (7th Cir. 2004) (Since Defendants "explicitly withdrew any objection…there is no error for us to review now."); *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *Nueman v. Rivers,* 125 F.3d 313, 322-324 (6th Cir. 1997) (failure to file specific objections to a report and recommendation constitutes a waiver). Given the post-hearing brief filed by the Warden, the conscious decision to withdraw objection to Fox's testimony, the attack on Fox's testimony on the merits, and the objection regarding Flannigan, Jones, and Smalldon under §2254(e), the Magistrate could not be expected to divine that the Warden was objecting to Fox's testimony under §2254(e). Indeed, the moving target offered by the State seems to be a complete reversal. The Warden's latest tack at this stage is an admission that the Magistrate's reasoning on the issue of Juror Misconduct was indeed flawed. Because, as set forth above, the Magistrate relied on Fox's evidentiary hearing testimony to find the absence of prejudice by Fox's actions. (See R.R. 82-83). Accordingly, for that reason, lying in wait and asserting the objection under §2254(e) after the deadline for objecting to the Report and Recommendation now prejudices Sheppard because it disables Sheppard from asserting an objection (in the alternative) to the Report and Recommendation for

relying on inadmissible evidence, should this Court ultimately conclude that Fox's testimony was indeed inadmissible.

The Magistrate heard and relied upon Fox's testimony after the Warden withdrew any complaint on the issue. Having allowed the Magistrate to do so, fair play requires that Sheppard be able to point this Court to the plain admissions by Fox that his misconduct "influenced" him, "contributed" to his verdict, and "made it easier" to vote for death.

### III. Even If the Warden Has Not Waived Her Right To Object, Fox's Admissions Are Admissible Because Shepard Exercised Due Diligence

Section 2254(e)(2) does not require that this Court turn a blind eye and a deaf ear to Sheppard's plea for his life based on Fox's clear admissions that he prejudiced Sheppard. "Under the opening clause of 2254(e)(2), a failure to develop the factual basis of a claim is not established *unless there is a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel*." *Williams v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479, (2000). As set forth below, neither Sheppard nor his counsel "failed" to do anything. The trial attorneys did not fail to develop the record, and instead they exercised due diligence on this issue. Fox's testimony was developed in state court, but one of his answers has now changed from "No" to "Yes."

When Juror Fox's misconduct came to light in state court, the trial court judge held a hearing, and both the trial judge and Sheppard's counsel examined Fox at that hearing. (Trial Tr. at 1254-1258). At the hearing in state court, Juror Fox explicitly testified on whether his conversation with Helen Jones influenced him, in direct conflict with his testimony before Judge Merz:

>    Q.    THE [STATE] COURT: And did what she say influence you in your decision in this matter?
>
>    A.    JUROR FOX: NO . . . .

(Trial Tr. at 1254-2155).

Fox has now changed the testimony in the evidentiary hearing before this Court:

>    Q.    …You do agree with me that the information that Ms. Jones gave to you influenced your verdict; is that correct?
>
>    A.    I'm sure to some degree, small degree.
>
>    Q.    So the answer's yes?
>
>    A.    Yes.
>
>    Q.    And, again, to use your words [in your deposition], you agree that it contributed to your verdict of death; is that correct?
>
>    A.    If that's, yeah, if that's what I said.
>
>    Q.    Well irrespective of whether that's what you said, as you sit here today **you agree it contributed to your verdict?**
>
>    A.    **Yes**, it must have.

(6/24/2002 Tr. of Evid. Hearing before J. Merz at 137-138).

So, it is not that Sheppard or his counsel failed to develop the record. Instead, Fox's express testimony simply changed from a "No" to a "Yes."

Accordingly, Fox's testimony of prejudice is admissible. His new admissions of prejudice should be reviewed de novo because the state court did not review them. *Monroe v. Angelone,* 323 F.3d 286, 297-299 and n. 19 (C.A. 4 2003). And, based on all of Fox's testimony, this Court should grant a writ of habeas corpus due to the juror

misconduct because the Constitution does not allow jurors to engage in extra-judicial inquiries that "make it easier" to vote for death.

IV. **Even If Fox's Change From "No" to "Yes" Is Somehow Inadmissible As The Fault Of Sheppard, Fox's State Court Testimony Establishes That The State Court's Decision Was Objectively Unreasonable Based On The Record Before It.**

Even aside from Fox's new admission of influence (and retraction of his express denial), his testimony in state court also demonstrated prejudicial influence. Although the Supreme Court of Ohio and the Ohio trial court were correct that Fox explicitly testified that he had not been influenced, a closer look at his state court testimony confirms improper influence. Indeed, the entire debate set forth above over whether Fox has changed his testimony highlights why the state court's reliance on Fox's express denial (rather than his admissions he sought and gained peace of mind) ignored the age old principle that jurors are often reluctant to disclose and even unable to discern whether they have been influenced by an improper contact. *Jeffries v. Wood*, 114 F.3d 1484, 1491 (9th Cir.1997) (*en banc*) (stating that the prejudicial effect of an extrinsic contact "may be substantial even though it is not perceived by the juror, and a juror's good faith cannot counter this effect") (internal quotation omitted); *United States v. Barfield Co. Inc.*, 359 F.2d 120, 124 (5th Cir.1966) (stating that juror's testimony that he was not influenced by a conversation he had with one of the parties about non-trial related matters was not dispositive because "it would no doubt be difficult to have a juror admit that he was influenced by such an approach.").

Fox's actions and testimony in state court clearly demonstrate that Sheppard was prejudiced, because the testimony and actions of Fox establish that Fox had reservations about his vote, that he sought out Ms. Jones so that he would be more comfortable with

8

his vote, and that he then relied upon his phone call to Ms. Jones for that confirmation. (Trial Tr. at 1254-1258). The Report and Recommendation ignores its own finding that Fox was uncomfortable about his verdict, where the R&R states: "Fox acknowledged that at the time of the phone call he was not sure whether Sheppard was a paranoid schizophrenic, [and]…phoned Jones…so he could understand what he was 'dealing with.'" (R&R at 80). Thus, it is plainly obvious that Fox sought comfort for his vote. Fox admits as much when he testified that the call was made to "reaffirm" his beliefs.

In Ohio, Fox's reservations about death and his one vote were all that Sheppard needed to avoid death. A Defendant has plainly been prejudiced where any external influences remove even a proverbial ounce of weight from the heavy consideration of a penalty of death.

A writ should be granted. Too much is at stake to find otherwise.

## CONCLUSION

For all of the above reasons, Petitioner objects in part to the Magistrate's Report and Recommendation. The Court should grant the writ of habeas corpus on grounds in addition to those already recommended by Judge Merz.

Respectfully submitted,

s/Geoffrey J. Moul
Geoffrey J. Moul (0070663)
Trial Attorney for Petitioner
Murray Murphy Moul + Basil LLP
326 South High Street, Suite 400
Columbus, OH  43215
Telephone:  (614) 469-0400
Facsimile:  (614) 469-0402
E-mail:  moul@mmmb.com

9

                                    Timothy R. Payne (0069329)
                                    Assistant State Public Defender
                                    Office of the Ohio Public Defender
                                    8 E. Long Street, 11th Floor
                                    Columbus, Ohio 43215
                                    Telephone: (614) 466-5394
                                    Counsel for Petitioner Bobby Sheppard


## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 8, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles L. Wille
Assistant Attorney General
Capital Crimes Section
30 E. Broad Street, 26th Floor
Columbus, OH 43215

                                                      **s/Geoffrey J. Moul**