**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| BOBBY T. SHEPPARD, | ) |
| | ) CASE NO. C-1-00-493 |
| Petitioner, | ) |
| | ) JUDGE RICE |
| v | ) |
| | ) MAGISTRATE JUDGE MERZ |
| MARGARET BAGLEY, WARDEN, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S
SUPPLEMENTAL REPORT AND RECOMMENDATIONS AND
ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS**

Respondent Margaret Bagley herein objects to that portion of the Magistrate Judge's Supplemental Report and Recommendations in which the Magistrate Judge recommends the conditional grant of a writ of habeas corpus, based on the Petitioner's Fifth Ground. A memorandum in support follows.

Respectfully Submitted,

**JIM PETRO (0022096)**
**Ohio Attorney General**

s/Charles L. Wille
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (fax)

**COUNSEL FOR RESPONDENT**

## STATEMENT OF THE CASE AND FACTS

The Petitioner, Bobby T. Sheppard (hereinafter "Sheppard"), is under a sentence of death adjudged by an Ohio trial court.  On June 20, 2000, Sheppard filed a petition for a writ of habeas corpus in which he alleged, among other things, that improper arguments by the prosecutor deprived him of a fundamentally fair sentencing proceeding.  See Petition (R. 4).   On September 18, 2000, the Respondent, Warden Margaret A. Bagley  (hereinafter "the Warden,"), filed an answer to the petition denying Sheppard's allegations of constitutional error.  See Return of Writ (R. 12).   On April 4, 2003, Sheppard filed an amended habeas corpus petition; on April 28, 2003, the Warden filed a supplementary answer.  See First Amended Petition (R. 77); Supplemental Return (R. 79).

On June 1, 2004, following an evidentiary hearing and further briefing by the parties, United States Magistrate Judge Michael Merz issued a Report and Recommendations with respect to the final disposition of the grounds for relief alleged in Sheppard's amended petition.  Magistrate Judge Merz recommended a conditional grant of the writ based on the Fifth and Tenth grounds, and denial of relief based on the remaining grounds.  See Report and Recommendations (R. 94).  The parties thereafter timely filed objections to the Report and Recommendations, and timely responses to the objections.  See Respondent's Objections (R. 95); Petitioner's Objections (R. 100); Respondent's Response to Petitioner's Objections (R. 102); Petitioner's Response to Respondent's Objections (R. 103); and Petitioner's Reply to Respondent's Response (R. 106).

On December 16, 2004, Magistrate Judge Merz issued a Supplemental Report and Recommendations in which he considered the objections of the parties.  Magistrate Judge therein renewed his recommended conditional grant on the Fifth ground; withdrew his recommended grant on the Tenth ground; and renewed his recommended denial of relief on the remaining grounds.

Supplemental Report and Recommendations (R. 108).

## ARGUMENT

In initially recommending a grant of the writ on the Fifth Ground, the Magistrate Judge concluded:

> In summary, the Court finds the comments relating to the cold-blooded, horrible nature of Dennis Willhide's murder were improper, as were the prosecutor's statements relating to the mental disease or defect mitigating factor, and the prosecutor's misstatement of the weighing process. Of the improper statements, only those relating to the mental disease or defect mitigating factor were flagrant and uncured.

Report and Recommendations at page 74. With respect to the Supreme Court of Ohio's decision relative to the allegations set forth in the Fifth Ground, the Magistrate Judge held initially:

> The state appellate court's determination that the prejudice from the prosecutor's improper statements was cured by the court's independent reweighing of the aggravating circumstances against the mitigating factors was objectively unreasonable because it effectively deprived the jury of its opportunity to make the first determination as to an appropriate sentence.

Report and Recommendations at page 73.

In objecting to the Magistrate Judge's recommended grant of relief with respect to the Fifth Ground, Respondent argued, among other things, that the Supreme Court of Ohio's "cure" of any prejudice possibly caused by the prosecutor's inappropriate remarks concerning Dr. Smalldon, via its independent review of sentence appropriateness, is consistent with and a reasonable application of <u>Clemons v. Mississippi,</u> 494 U.S. 738 (1990) (state appellate court properly upheld a jury-imposed death sentence, which was based in part on an invalid or improperly defined aggravating circumstance, by re-weighing the aggravating and mitigating evidence). The Magistrate Judge subsequently reasoned, in his Supplementary Report, that the Supreme Court of Ohio misapplied <u>Clemons</u> to "trial errors" such as improper arguments by the prosecutor because "there is no

3

precedent cited to by Respondent or found by this Court to suggest that trial errors may be cured by appellate reweighing of the aggravating circumstances and mitigating factors." Supplemental Report and Recommendations (R. 108), page 4.

Respondent respectfully submits the following in response to the Magistrate Judge's reasoning. That the Supreme Court of the United States has not explicitly applied Clemons to claims of prosecutorial misconduct in a capital case does not necessarily mean that the Supreme Court of Ohio contravened Clemons in doing so. In Esparza v. Mitchell, 310 F.3d 414 (6th Cir. 2002), reversed and remanded, 540 U.S. 12, 124 S.Ct. 7 (2003), the Sixth Circuit held that the state courts erred in applying the harmless error rule, given the lack of Supreme Court precedent applying the rule to the type of errors at issue. Summarily rejecting the Sixth Circuit's approach, the Supreme Court observed:

> In relying on the absence of precedent to distinguish our non-capital cases, and to hold that harmless-error review is not available for this type of Eighth Amendment claim, the Sixth Circuit exceeded its authority under Section 2254(d)(1). A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from this Court is, at best, ambiguous. As the Ohio Court of Appeals' decision does not conflict with the reasoning or the holdings of our precedent, it is not "contrary to ... clearly established Federal law."

Mitchell v. Esparza, 124 S.Ct. at 11.

Moreover, the absence of Supreme Court precedent applying Clemons to improper prosecutorial arguments does not necessarily indicate that the Supreme Court of Ohio was objectively unreasonable in extending Clemons to such factual circumstances. Rather, it may be argued quite reasonably that the Supreme Court of Ohio's use of appellate re-weighing to "cure" the type of trial error at issue here is perfectly consistent with the principle announced in Clemons, and indeed, is compelled by it.

4

In <u>Clemons</u>, the petitioner argued that his right to due process under the Fourteenth Amendment would be violated by use of appellate re-weighing to remedy the jury's consideration of an invalid aggravating circumstance, where under state law the jury was required to perform the weighing function. In other words, the petitioner argued that errors in the weighing process *were different from normal "trial errors," because errors in the weighing process could never be "cured" without ordering a new sentencing hearing.* Rejecting this argument, the Supreme Court reasoned that even if state law required the jury to conduct the weighing, "it was open to the Mississippi Supreme Court to find that the error which occurred during the sentencing proceeding was harmless," and that it would have been permissible for the Mississippi Supreme Court to find harmless error, based on a determination, beyond a reasonable doubt, that the sentence would have been the same absent the improper aggravating circumstance. In other words, the Supreme Court held that errors in the weighing process could be tested for harmlessness like other types of trial error. <u>Clemons v. Mississippi</u>, 494 U.S. at 753.

That is precisely the approach used by the Supreme Court of Ohio, when it concluded that its independent assessment of the appropriateness of the sentence could "cure" the effect of the prosecutor's improper argument. In essence, the Supreme Court of Ohio concluded, beyond a reasonable doubt, that absent the prosecutor's misconduct, the aggravating circumstances still outweighed the mitigating factors. <u>State v. Sheppard</u>, 89 Ohio St.3d 230, 239-241 (1998). The latter finding is the functional equivalent of a harmless error determination. <u>See</u> <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967) (constitutional error can be held harmless if the appellate court is able to declare a belief that the error was harmless beyond a reasonable doubt); <u>Mitchell v. Esparza, supra</u> at 11 (listing <u>Clemons</u> as one of "a number of our harmless-error cases").

Finally, Respondent respectfully notes that the Supreme Court of Ohio's use of sentencing reassessment to "cure" the effect of the prosecutor's erroneous argument is consistent with the decision of the Tenth Circuit in Carbray v. Champion, 905 F.2d 314 (10th Cir. 1990). In Carbray, the Oklahoma Court of Criminal Appeals affirmed the prisoner's conviction but reduced the sentence because it concluded that improper remarks by the prosecutor during the sentencing hearing were prejudicial. Id. at 315. Initially, the Tenth Circuit held that the sentence reassessment violated the prisoner's right to due process. Id. at 317. However, following the Supreme Court's decision in Clemons, the Tenth Circuit vacated its initial decision and denied the writ. The Tenth Circuit held:

> It appears that the Oklahoma Court of Criminal Appeals has done in this case precisely what the Supreme Court held was permissible in Clemons. After concluding that the prosecutor's remarks constituted prejudicial misconduct, the Oklahoma Court of Criminal Appeals held that "justice dictates our modification of the defendant's sentence from a term of one-hundred-ninety-nine (199) years imprisonment to a term of seventy-five years imprisonment." Carbray v. State, 545 P.2d 813, 816 (Okla. Crim. App. 1976). This action represents a determination by the highest criminal court of Oklahoma that the new 75-year sentence is appropriate and that it has the authority, as a matter of state law, to so modify state sentences under those circumstances. ...

Carbray v. Champion, 905 F.2d at 318-319.

In sum, the Supreme Court of Ohio's adjudication with respect to Sheppard's claim of improper prosecutorial argument was not contrary to or an unreasonable application of Clemons v. Mississippi.

**REQUEST FOR RELIEF**

      The Warden therefore respectfully requests that the Court overrule the Magistrate Judge's recommendations with respect to the Fifth ground, and deny Sheppard's petition for a writ of habeas corpus.

                                          Respectfully Submitted,

                                          **JIM PETRO (0022096)**
                                          **Ohio Attorney General**

                                          s/Charles L. Wille
                                          **CHARLES L. WILLE (0056444)**
                                          Principal Assistant Attorney General
                                          Capital Crimes Section
                                          30 East Broad Street, 23rd Floor
                                          Columbus, Ohio 43215
                                          (614) 728-7055; (614) 728-8600 (fax)
                                          Email: cwille@ag.state.oh.us

                                          **COUNSEL FOR RESPONDENT**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the foregoing *Respondent's Objections to the Magistrate Judge's Supplemental Report and Recommendations and Accompanying Memornadum of Law in Support of Objections* was sent electronically, and via first-class U.S. Mail, postage prepaid, this 29th day of December, 2004, to Counsel for Petitioner:

| | |
|---|---|
| Geoffrey J. Moul<br>Attorney at Law<br>326 South High Street, Suite 400<br>Columbus, Ohio  43215 | Timothy R. Payne<br>Assistant State Public Defender<br>Office of the State Public Defender<br>8 East Long Street, 11th Floor<br>Columbus, Ohio, 43215<br>Email: PayneT@opd.state.oh.us |

                                              s/Charles L. Wille
                                              CHARLES L. WILLE (0056444)
                                              Principal Assistant Attorney General