## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Bobby T. Sheppard, | : | **Death Penalty Case** |
| | : | |
| Petitioner, | : | Case No. 1:00cv493 |
| | : | |
| -vs- | : | Judge Walter Herbert Rice |
| | : | |
| Margaret Bagley, Warden, | : | Magistrate Judge Merz |
| | : | |
| Respondent. | : | |

### PETITIONER'S OBJECTION TO THE SUPPLEMENTAL REPORT AND RECOMMENDATIONS OF DECEMBER 16, 2004

Sheppard continues and renews his objections to the Report and Recommendations dated June 1, 2004 ("R&R I") as to his First, Third, Fourth, Fifth, Seventh and Fifteenth Grounds for Relief, and his objections to the Supplemental Report and Recommendations of December 16, 2004 ("R&R II") as to those same Grounds.[1] The reasons for those objections are stated at length in Petitioner's Limited Objections to the Report and Recommendations of June 1, 2004, filed July 2, 2004, and Petitioner's Reply In Support of His Limited Objections to the Report and Recommendations of June 1, 2004, filed September 8, 2004.

Although the Court has advised that Sheppard is not obligated to restate the basis for any objection to preserve his challenges in this case, the supplemental decision in R&R II provides additional insights as to why the Magistrate recommends habeas relief be denied as to Ground VII. So Sheppard submits this supplemental objection and memorandum as to Ground VII.

---

[1] In response to objections filed by both parties, a Supplemental Report and Recommendation was issued on December 16, 2004, restating the original Report and Recommendations of June 1, 2004 as to the vast majority of Sheppard's claims. The Magistrate Judge has advised the parties, therefore, that they are not obligated to resubmit their original objections to preserve their objections to the Magistrate's recommended grant or denial of the writ as to any claims set forth in both Reports and Recommendations. The only exception is on the Tenth Ground for Relief, on which the Court withdrew its recommended writ, having found that Appellate Counsel had sufficiently raised prosecutorial misconduct and having granted Petitioner's claim for prosecutorial misconduct.

In short, R&R I and R&R II apply the wrong standard for determining whether Sheppard established prejudice from Juror Fox's misconduct.  To that end, R&R II wrongly concludes that Sheppard was required to but failed to establish a "sure indication [that but for the misconduct, Juror Fox] would have preferred a life sentence to death." (R&R II at 8).  Indeed, in footnote 1 of R&R II, it is suggested that Sheppard was required to remove all "plausible" doubt that juror misconduct was harmless.  (*Id.*).

In fact, the appropriate standard on the issue of Constitutional prejudice requires only that Sheppard establish a "reasonable probability" that Sheppard would have prevailed on the issue of death, absent the misconduct.[2]  Case law is clear; a Constitutional prejudice inquiry should involve only a determination as to whether there existed a "reasonable possibility" that the misconduct could have affected the verdict. *See Fahy v. Connecticut*, 375 U.S. 85, 86-87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171 (1963); *see also Mason v. Mitchell*, 320 F.3d 604, 671 (6th Cir. 2001).  "[A] reasonable probability is a probability sufficient to undermine the confidence in the verdict."  *See Mason v. Mitchell*, 320 F.3d 604, 671 (6th Cir. 2001).  As a result, the question for the Ohio Supreme Court and the Magistrate should have been "'whether it can be concluded beyond a reasonable doubt that extrinsic evidence did not contribute to the verdict.'" *United States v. Bagley*, 641 F.2d 1235, 1241(9th Cir. 1980) , cert. denied, 454 U.S. 942, 102 S.Ct. 480, 70 L.Ed.2d 251 (quoting *Gibson v. Clanon*, 633 F.2d 851, 855 (9th Cir. 1980), cert. denied, 450 U.S. 1035, 101 S.Ct. 1749, 68 L.Ed.2d 231 (1981)).

In State Court and before the Magistrate, the record is unmistakably clear that Constitutional prejudice exists.  It is hard to imagine any greater prejudice that could befall a defendant than misconduct that makes it "easier" to vote for death.  As set forth at length in Petitioner's Limited Objections to the Report and Recommendations of June

---

[2] As the Magistrate recognized, the Ohio Supreme Court made a finding of juror misconduct but found the misconduct harmless. Since the Ohio Supreme Court found that juror misconduct existed, the only issue for this Court to decide is whether Constitutional prejudice existed.

1, 2004, although in state court juror Fox answered "no" when asked if the misconduct affected his verdict, the substance of later answers in that court and here confirm that he used the extraneous information to provide him the comfort he needed before voting to execute Sheppard.   (Pet. Lim. Obj. to R&R at 6-12).  Even the interpretation of Fox's testimony most favorable to the state adopted by R&R II carries with it the undisputed fact that Fox used the testimony to "some small degree" – a use that he "guesses, yes" made it "easier for him to vote for death." (R&R II at 7).   In other words, as the Magistrate correctly found, it is undisputed that at a minimum Fox called Jones for the purpose "to confirm what he was already thinking" because he was "uncomfortable with his understanding of paranoid schizophrenia." (R&R II at 7).   Indeed, all of this undisputed evidence of the juror's use of the testimony exists in a case where – as the Magistrate correctly put it – the extraneous information relied upon for reassurance was "inconsistent with the DSM-IV" and "coincidentally similar to certain arguments made by the prosecutor (arguments that, along with others, this Court has found to have constituted prosecutorial misconduct)." (R&R II at 9).[3]  Thus, it comes as no surprise that R&R II recognizes that Fox "stated it was a 'possibility' he might have rejected the death sentence" but for the misconduct – a fact which should be dispositive in Sheppard's favor.  (R&R II at 8).

Accordingly, given the record in this case (where the extraneous information relied upon was inconsistent with trial testimony, where the information buttressed the prosecutor's improper arguments, where life was on the line, and where a juror was uncomfortable enough on the issue of a mitigating factor that he called someone he

---

[3] This case presents the unusual case where the State Court and the Federal Court are not constrained by Rule 606, as the State relied upon the juror's deliberative thoughts in State Court and the Petitioner does so here, without objection by the State due to the reliance by the State Court on the information to affirm the vote of death.

believed was an expert seeking comfort), the use of the extraneous information constitutes prejudice.

With all due respect to the Magistrate Judge, what R&R I and R&R II appear to be recommending is that this Court find that it is "Constitutionally ok" for a juror to use extraneous information (even incorrect information) so long as the extraneous information is only being used by the juror to provide him the "comfort" needed – or the "ease" needed – to reassure or affirm his inclinations to take someone's life.  The public's confidence in the death penalty will be greatly undermined if this kind of use of extraneous information is permitted, and for that reason, Constitutional prejudice exists. *See Mason v. Mitchell*, 320 F.3d 604, 671 (6th Cir. 2001) ("a reasonable probability is a probability sufficient to undermine the confidence in the verdict").  Put simply, juror misconduct cannot be allowed to "make it easer to vote for death."  Any misconduct making it easier for a juror to vote for death is – by definition – prejudicial.  Voting to put someone to death is and should remain the most difficult task a juror can undertake. Allowing outside influences to ease such a burden is Constitutionally wrong and unjust.

Respectfully submitted,

**s/Geoffrey J. Moul**
Geoffrey J. Moul (0070663)
Trial Attorney for Petitioner
Murray Murphy Moul + Basil LLP
326 South High Street, Suite 400
Columbus, OH  43215
Telephone:  (614) 469-0400
Facsimile:  (614) 469-0402
E-mail:  moul@mmmb.com

Timothy R. Payne (0069329)
Assistant State Public Defender
Office of the Ohio Public Defender
8 E. Long Street, 11th Floor
Columbus, Ohio 43215
Telephone:  (614) 466-5394
E-mail:  paynet@opd.state.oh.us
Counsel for Petitioner Bobby Sheppard

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles L. Wille
Assistant Attorney General
Capital Crimes Section
30 E. Broad Street, 26th Floor
Columbus, OH  43215

                                        **s/Geoffrey J. Moul**