UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Bobby T. Sheppard, | : | ***Death Penalty Case*** |
| Petitioner, | : | Case No. 1:00cv493 |
| -vs- | : | Judge Walter Herbert Rice |
| Margaret Bagley, Warden, | : | Magistrate Judge Merz |
| Respondent. | : | |

**PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTIONS
TO THE MAGISTRATE'S SUPPLEMENTAL
REPORT AND RECOMMENDATIONS**

Petitioner hereby responds to Respondent's December 29, 2004 objections to the Magistrate's supplemental report. Respondent's objections address the Magistrate's recommendation to grant habeas relief based on Petitioner's fifth ground for relief (prosecutorial misconduct). Respondent argues that the Magistrate's decision is incorrect pursuant to the AEDPA because the Ohio Supreme Court's extension of the holding in Clemons (in order to "cure" the prosecutorial misconduct by appellate reweighing) did not conflict with Supreme Court precedent.

Petitioner has previously argued extensively that, as the Magistrate found, the Ohio Supreme Court's application of Clemons in the context of prosecutorial misconduct was indeed inconsistent with Supreme Court precedent. See Dkt. 103, Petitioner's Memorandum in Opposition, July 14, 2004, pp. 18-22. Those arguments need not be repeated here.

Worthy of a reminder, however, is that under the AEDPA standards for granting habeas relief, the state court decision at issue can be either "contrary to," or an "unreasonable

application of," clearly established federal law. Here, aside from being in conflict with (*i.e.*, contrary to) Supreme Court precedent, the Ohio Supreme Court's resolution of Petitioner's prosecutorial misconduct claim also entailed an "unreasonable application of" such precedent.

The Ohio Supreme Court's application of Clemons to cure the misconduct found to be committed by the prosecutor was beyond unreasonable – it was illogical. Legal analysis of prosecutorial misconduct, conducted in accordance with Supreme Court precedent (see Darden v. Wainwright, 477 U.S. 168 (1986)), includes assessment of prejudice. Any finding of error based on prosecutorial misconduct thus entails a finding of prejudice. Consequently, any appellate reweighing - which is tantamount to application of harmless error - to cure the misconduct is analytically flawed. To allow it would be to permit a court to find prejudice, and then turn around and find no prejudice so that the found prejudice can be "cured." The illogic of the Ohio Supreme's Court treatment of the issue cannot be deemed reasonable.

Further, even if the Ohio Supreme Court's decision could be somehow tortuously construed to amount to a cognizable finding of no prejudice, such finding would be unreasonable. As Petitioner has already forcefully argued, the prosecutorial misconduct committed here was clearly prejudicial in that it acted to deprive Petitioner of his firmly established constitutional right to have his sentencing jury consider all relevant mitigating evidence. See Dkt. 103, *supra*, p. 19-20; see also Dkt. 107, Notice of Supplemental Authority in Support of Petitioner's Memorandum in Opposition, December 2, 2004.

## *Conclusion*

The Magistrate Judge's recommendation to grant a writ of habeas corpus based on Petitioner's fifth ground for relief was correct and should be adopted by this Court.

        Respectfully submitted,

        **s/Geoffrey J. Moul**
        Geoffrey J. Moul (0070663)
        Murray Murphy Moul + Basil LLP
        326 S. High Street / Suite 400
        Columbus, Ohio 43215
        Telephone: (614) 469-0400
        Facsimile: (614) 469-0402
        Email: moul@mmmb.com

        and

        **s/Timothy R. Payne**
        Timothy R. Payne (0069329)
        Assistant State Public Defender
        Office of the Ohio Public Defender
        8 E. Long Street, 11th Floor
        Columbus, Ohio 43215
        Telephone: (614) 466-5394
        Email: paynet@opd.state.oh.us

        Counsel for Petitioner Bobby Sheppard

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2005, I electronically filed the foregoing PETITIONER'S RESPONSE TO RESPONDENT'S OBJECTIONS TO THE MAGISTRATE'S SUPPLEMENTAL REPORT AND RECOMMENDATIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles L. Wille
Assistant Attorney General
Capital Crimes Section
30 E. Broad Street, 26th Floor
Columbus, OH 43215

        **s/Geoffrey J. Moul**