**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BOBBY T. SHEPPARD,
:
    Petitioner,                        Case No. 1:00-cv-493

                                :            District Judge Gregory L. Frost
  -vs-                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
 Chillicothe Correctional Institution,
:
    Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT AND TO AMEND

This capital habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment to Allow Amendment and/or for Leave to File a Second Amended Petition under Rule 15 and Motion for Entry of an Indicative Ruling from the District Court in Accordance with Rule 62.1 (Doc. No. 144).

A Fed. R. Civ. P. 60(b) motion is post-judgment and therefore deemed referred to a magistrate judge under 28 U.SC. § 636(b)(3), requiring proposed findings and a recommended disposition.

In this Motion, Petitioner has re-captioned the case as Sheppard v. Robinson, reporting to the Court that Norm Robinson has replaced Margaret Bagley as Warden at Chillicothe Correctional Institution.  In responding, the Warden has accepted that emendation.  Pursuant to Fed. R. Civ. P. 25(d), Warden Robinson is automatically substituted for Warden Bagley as her

- 1 -

successor in office. Although the Court's practice had been to keep captions on cases as initially filed, the amended Rule 25(d) expresses a national preference for conducting proceedings after a substitution in the substituted party's name. The Court therefore confirms the amendment of the caption as set forth above.

Since the Motion became ripe, relevant events have occurred in other courts and cases. On May 25, 2012, the Sixth Circuit remanded Sheppard's new habeas case, 1:12-cv-198, ordering this Court to decide in the first instance whether the new petition is a second or successive petition requiring Circuit certification before the Court can take jurisdiction of it (*Sheppard v. Robinson*, 6th Cir. No. 12-3399, copy at Doc. No. 12 in 1:12-cv-198). On June 11, 2012, the United States Supreme Court denied certiorari in this case. *Sheppard v. Robinson*, Case No. 11-9887 (notice at Doc. No. 149). On July 3, 2012, the Magistrate Judge recommended that the Court conclude the new petition is not second or successive (Report and Recommendations, Doc. No. 19, in Case No. 3:12-cv-198). Thereafter on July 6, 2012, the Sixth Circuit issued its mandate in this case. *Sheppard v. Bagley*, Case No. 09-3472.

Because the Sixth Circuit Mandate has issued, this Court has reacquired jurisdiction of the case and can rule on Petitioner's Motion, rather than making an indicative ruling. Therefore that portion of the Motion which requests an indicative ruling is moot.

The Warden claims this Court lacks jurisdiction to grant the Motion because it seeks to add new claims and Petitioner has not received permission from the Sixth Circuit to proceed with new claims[1]. The Magistrate Judge has recommended that the Petition in the new case, which has claims identical to the claims sought to be added to this case by the instant Motion, should be

---

[1] This is a different purported jurisdictional bar than the one raised by Petitioner, to wit, that the Mandate had not yet issued when the Motion was filed.

found not to be second or successive. (Report and Recommendations on Remanded Issue, Doc. No. 19, in Case No. 3:12-cv-198). By issuing the Remand Order in that case, the Sixth Circuit has recognized the original jurisdiction of district courts to decide the second or successive question. Based on the reasoning in the R&R in the new case, this Court should reject the Warden's "second or successive" argument as a bar to granting the instant Motion.

Sheppard has made two efforts to place his new claims before this Court, both the instant Motion and the new Petition in case No. 3:12-cv-198. His preference is that the instant Motion be granted; he has stated his intention to dismiss the new Petition if it is. (Reply Memorandum, Doc. No. 148, PageID 887, n.5.) But the Court is not bound by Petitioner's litigation preferences. The Magistrate Judge believes significant policy considerations counsel in favor of denying the instant Motion and allowing the new Petition to proceed.

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court recognized that allowing Fed. R. Civ. P. 60(b) to be used to present new claims in already-adjudicated habeas corpus cases would be inconsistent with 28 U.S.C. § 2244(b) limitations on second or successive habeas applications. Conversely, it permitted the use of 60(b) motions when no new claim was presented, but the motion attacked a nonmerits aspect of the judgment. *Id*. at 534. However, it did emphasize that there are additional limitations on 60(b) motions that will "limit the friction between the Rule and the successive-petition prohibitions of AEDPA, ensuring that our harmonization of the two will not expose federal courts to an avalanche of frivolous postjudgment motions." *Id*. at 534-535. In particular the Court noted:

> Second, our cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States,* 340 U.S. 193, 199, 95 L. Ed. 207, 71 S. Ct. 209 (1950); accord, [21]

> id., at 202, 95 L. Ed. 207, 71 S. Ct. 209; *Liljeberg*, 486 U.S., at 864, 100 L. Ed. 2d 855, 108 S. Ct. 2194; id., at 873, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (Rehnquist, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved"). Such circumstances will rarely occur in the habeas context .

*Id*. at 535. The judgment in this case is not only final, it has been carefully reviewed by the Sixth Circuit and affirmed in a published opinion. *Sheppard v. Bagley*, 657 F.3d 338 (6th Cir. 2011). The Supreme Court later denied certiorari. Although the denial has no precedential effect, it represents effort made by the Supreme Court with respect to some review of the judgment in this case which will have been wasted if the judgment is vacated.

Petitioner discusses the effect of granting his Motion only in terms of the effect of allowing him to litigate his new lethal injection claims in this case. But there are other effects. Once the judgment has been reopened, what is the continued vitality of all the rulings made in this case, by this Court and the Sixth Circuit? Rule 60 "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done ." *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983), quoting Wright and Miller, Federal Practice and Procedure, § 2851. In Mr. Sheppard's case, both ends can be properly served: the finality of the original judgment can perdure along with consideration of the new lethal injection claims in the new case. The Motion for Relief under Rule 60(b)(6) should therefore be denied.

Petitioner also moves to amend under Fed. R. Civ. P. 15(a)(2) to add these claims. Petitioner offers no authority for a post-judgment amendment without reopening the judgment,

- 4 -

and none is known to the Court. Because the Motion for Relief from Judgment is recommended to be denied, the Motion to Amend should likewise be denied.

July 6, 2012.

                                             s/ *Michael R. Merz*
                                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).