# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

                                  :

        Petitioner,                             Case No. 1:00-cv-493

                                  :                District Judge Gregory L. Frost
    -vs-                                    Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
 Chillicothe Correctional Institution,
                                  :

        Respondent.

---

# REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT TO ALLOW RECONSIDERATION IN LIGHT OF *MARTINEZ V. RYAN*

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment Under Rule 60 to Allow Reconsideration of One Portion of Ground for Relief Nine in Light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and Motion for Indicative ruling from the District Court in Accordance with Rule 62.1 (Doc. No. 150). The Warden opposes the Motion (Doc. No. 151) and Petitioner has filed a Reply in support (Doc. No. 155).

A motion for relief from judgment under Fed. R. Civ. P. 60(b) is, obviously, a post-judgment motion and therefore deemed referred to a magistrate judge under 28 U.S.C. § 636(b)(3), requiring a report and recommended disposition.

The portion of the Motion seeking an indicative ruling under Fed. R. Civ. P. 62.1 is moot because the Sixth Circuit has issued its mandate in the case (Doc. No. 154), returning jurisdiction

to this Court.

The Motion is made under Fed. R. Civ. P. 60(b)(6).   Petitioner asks this Court to reopen the judgment so that it can reconsider its decision on sub-claim 6 of his Ninth Ground for Relief. That claim asserts Petitioner received ineffective assistance of trial counsel in that "Trial counsel should have submitted evidence from Dr. Smalldon or another expert to show that Jones' nutshell definition of paranoid schizophrenia was misleading and inaccurate."   (Amended Petition, Doc. No. 77, at 46-48.)[1]

## Procedural History of Ground Nine, Sub-Claim Six

The Magistrate Judge recommended that this sixth sub-claim be dismissed as procedurally defaulted because it was raised for the first time in a second or successive post-conviction petition under Ohio Revised Code § 2953.21 and the Ohio courts enforced their rule requiring available claims of ineffective assistance of trial counsel to be raised in an initial post-conviction petition (Report and Recommendations (the "Report"), Doc. No. 94, PageID 293-297).   The Report also recommended in the alternative that "to the extent the trial court relied on the doctrine of *res judicata* [relating to claims which must be raised on direct appeal] in denying the relevant sub-claims, the sub-claims are [likewise] procedurally defaulted." *Id*. at PageID 298.   Finally, the Report found Sheppard had "made no showing of cause and prejudice to excuse procedural default

---

1 Counsels' construction of the claim as being that "trial counsel should have submitted at least some evidence to support their new-trial motion based on juror misconduct" (Motion, Doc. No. 150, PageID 905) is overbroad. Counsels' later construction of the claim as being "that trial counsel could have obtained the additional evidence generated at the federal evidentiary hearing and submitted it in support of Sheppard's new-trial motion" (Motion, Doc. No. 150, PageID 906) is grossly overbroad.   The Magistrate Judge's consideration is limited to the sub-claim as pleaded.   Expanding the sub-claim would require a separate motion to amend.

as it relates to the present sub-claims [and those sub-claims should] be denied as they are procedurally defaulted." *Id*.

Petitioner's prior habeas counsel filed what they styled "Limited Objections" to the Report (Doc. No. 100). However, no objection was made to any of the recommended findings and disposition of any part of the Ninth Ground for Relief.

In adopting the recommendations as to the Ninth Ground for Relief, Judge Frost held:

> It does not appear that Petitioner objected to the Magistrate Judge's conclusion or even once mentioned his ninth ground for relief in any of the objections or responses that he filed in response to the Magistrate Judge's two Reports and Recommendations. For the reasons set forth by the Magistrate Judge and because Petitioner did not object, this Court adopts the Magistrate Judge's Report and Recommendation to DENY Petitioner's ninth ground for relief-sub-parts (1), (2), (3), (5), and (6) ninth ground for relief as procedurally defaulted, and sub-part (4) as without merit.

*Sheppard v. Bagley*, 604 F. Supp. 2d 1003, 1043 (S.D. Ohio 2009).

Represented by new counsel who remain his attorneys at this stage of the case, Sheppard then moved to alter the judgment, but new counsel made no mention of any part of Ground for Relief Nine in that Motion (Doc. No. 133). This Court's judgment denying the writ was then affirmed on appeal where Petitioner was represented by the same counsel, but denial of the Ninth Ground for Relief was not raised as an error committed by this Court. *Sheppard v. Bagley*, 657 F.3d 338 (6th Cir. 2011); Brief of Petitioner on Appeal, Attach. 1 to Doc. No. 161. Petitioner sought a writ of certiorari from the Supreme Court, but did not make any argument about Ground for Relief Nine (Petition for Writ of Certiorari, Attach. 4 to Doc. No. 161). The writ was denied. *Sheppard v. Robinson*, 183 L. Ed. 2d 623 (2012).

## The Decision in *Martinez v. Ryan*

Counsel now seek to have the judgment reopened, not to correct any error this Court made, but because of an intervening change in the law this Court applied. That change was wrought by *Martinez v. Ryan,* 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed 2d 272 (2012), decided March 12, 2012, a month before Sheppard filed his petition for certiorari.

In *Coleman v. Thompson,* 501 U.S. 722 (1991), the Supreme Court had held that an attorney's ignorance or inadvertence in a postconviction proceeding did not qualify as cause to excuse a procedural default. *Coleman* remained the law for twenty years and the District Court in *Martinez* and the Ninth Circuit on appeal in that case applied *Coleman* to bar consideration of an ineffective assistance of trial counsel claim which had been procedurally defaulted by failure to raise the claim by the first attorney who could have raised it. The Supreme Court reversed, holding:

> To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

132 S. Ct. at 1315. The Court noted that Arizona "does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings." *Id.* at 1313. As the Court noted, citing *Massaro v. United States*, 538 U.S. 500 (2003), Arizona parallels the federal system in this regard:

federal court claims of ineffective assistance of trial counsel cannot be raised on direct appeal even

if they depend on the record; they must be raised by motion to vacate under 28 U. S.C. § 2255.

Because a collateral petition was the only proceeding in which an ineffective assistance of trial

counsel claim could be raised in Arizona, the Supreme Court thought it should be made more like

the situation where a claim of ineffective assistance of trial counsel can be raised on direct appeal,

where a defendant is constitutionally guaranteed the effective assistance of counsel so that a

defective representation on direct appeal can provide excusing cause.   See discussion, *Martinez*,

132 S. Ct. at 1317.

> The precise holding in *Martinez* is

>> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 1318-1319.   The Court emphasized the narrowness of the new rule.   "*Coleman* held that

an attorney's negligence in a postconviction proceeding does not establish cause, and this remains

true except as to initial-review collateral proceedings for claims of ineffective assistance of

counsel at trial." *Id.*   at 1319.   "The rule of *Coleman* governs in all but the limited circumstances

recognized here." *Id.* at 1320.

The Supreme Court did not grant habeas relief in *Martinez*, but remanded for decision of (1) "whether Martinez's attorney in his first collateral proceeding was ineffective," (2) "whether his claim of ineffective assistance of trial counsel is substantial," and (3) "the question of prejudice." *Id.* at 1321.

## Analysis

To prevail on his instant Motion, Petitioner must show:

1.      That Ohio is sufficiently like Arizona in its treatment of ineffective assistance of trial counsel claims to make *Martinez* applicable at all.

2.      That failure to present on initial postconviction review the ineffective assistance of trial counsel claim made in Ground Nine, sub-claim six, itself meets the standard of *Strickland v. Washington, supra*, i.e., that it was unreasonably deficient performance and prejudiced the Petitioner.

3.      That the ineffective assistance of trial counsel claim made in Ground Nine, sub-claim six, is "substantial" or "has some merit. "

4.      That the Motion otherwise meets the requirements of Fed. R. Civ. P. 60(b)(6).

**1.      Comparing the Ohio and Arizona Procedures for Raising Ineffective Assistance of**

**Trial Counsel Claims**


Petitioner argues *Martinez* is directly applicable because "Ohio law mandated that Sheppard raise claims involving evidence outside the trial record in post-conviction proceedings," (Motion, Doc. No. 150, PageID 918), *citing State v. Hunter*, 131 Ohio St. 3d 67, ¶ 46 (2011); *State v. Cooperrider*, 4 Ohio St. 3d 226 (1983); and *Williams v. Anderson*, 460 F.3d 789, 799 (6th Cir. 2006). (Motion, Doc. No. 150, PageID 918.)   In *Williams*, the Sixth Circuit described Ohio law generally on the subject:

> Ohio law requires criminal defendants to bring ineffective assistance of counsel claims on direct review if the defendant has new counsel on appeal, and the trial court record contains sufficient evidence to support the claim. *State v. Cole,* 2 Ohio St. 3d 112, 443 N.E.2d 169, 171 (1982). Where the trial court record does not contain sufficient evidence to support the claim, however, the defendant must instead bring the claim in post-conviction proceedings. *See State v. Cooperrider,* 4 Ohio St. 3d 226, 4 Ohio B. 580, 448 N.E.2d 452, 454 (Ohio 1983). Unlike on direct review, in post-conviction proceedings a petitioner may introduce evidence outside the trial court record to support the claim. *See id.* If a defendant chooses to bring an ineffective assistance of counsel claim on direct review, however, Ohio's "res judicata" rule precludes the defendant from re-raising the claim in post-conviction proceedings. *Id.*
>
> In the instant case, Petitioner chose to bring his ineffective assistance of counsel claim on direct review, thereby foregoing the opportunity to present evidence outside the trial court record to support his claim. Ohio has finality and judicial economy interests in enforcing its prohibition on re-litigation of ineffective assistance of counsel claims in post-conviction proceedings. *State v. Saxon*, 846 N.E.2d 824, 109 Ohio St. 3d 176, 2006 WL 759668, at *5 (2006). Thus, normally, we would respect the Ohio court's decision to enforce "res judicata" and decline to consider a petitioner's evidence where the petitioner chose to raise his or her ineffective

assistance of counsel claim on direct review. *Cf. Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (stating that procedurally defaulted claims are not reviewed for comity and federalism reasons).

460 F.3d at 799. *Cooperrider* held that

> [I]t is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. *State v. Hester, supra*. Such a hearing is the proper forum for appellant's claim.
>
> Appellant should have no fear that the doctrine of *res judicata* will prevent him from raising the issue of ineffective assistance of counsel in a post-conviction hearing. "As long as no direct appeal was taken, or the claim of incompetent counsel was not raised and adjudicated on a direct appeal, *res judicata* does not bar the adjudication of this issue in post-conviction proceedings*." State v.. Gibson* (1980), 69 Ohio App. 2d 91, 99 [23 O.O.3d 130] (Krenzler, C.J., concurring). Since it is clear that the court of appeals in the present case did not adjudicate the issue, the doctrine of *res judicata* does not apply. Thus, appellant is free to petition for a post-conviction evidentiary hearing to develop a record upon which this issue may be more effectively addressed.

*Cooperrider*, 4 Ohio St. 3d at 228-229. [2]

Petitioner asserts that "evidence outside the record is required to demonstrate trial counsel's ineffectiveness related to the extrinsic evidence/juror misconduct claim. . . .

---

[2] *Hunter, supra,* is inapposite.   In *Hunter*, the Ohio Supreme Court held only that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter," *Hunter*, 131 Ohio St. 3d at 74, *quoting State v. Ishmail*, 54 Ohio St.2d 402, (1978), paragraph one of the syllabus.

Accordingly, Sheppard's first post-conviction counsel (apparently Kevin Durkin per Doc. No. 165, PageID 1451) would be the pertinent 'initial-review collateral proceedings' counsel under *Martinez*." (Motion, Doc. No. 150, PageID 918.)

In the alternative, Sheppard notes that Ohio allows ineffective assistance of appellate counsel claims to be raised only in proceedings to reopen the appeal under Ohio R. App. P. 26(B), often referred to as *Murnahan* proceedings. Assuming the instant claim of ineffective assistance of trial counsel should have been raised on direct appeal based on evidence in the record before the appeals court, then, it is argued, direct appeal counsels' failure to raise it was ineffective assistance of appellate counsel and that claim of ineffective assistance of appellate counsel should have been raised in the 26(B) application. It was not, but, says Sheppard, his *Murnahan* counsel's[3] failure to raise it can provide cause, under *Martinez*, to excuse that omission (Motion, Doc. No. 150, PageID 919-920).

If Sheppard was required to raise this claim on direct appeal, *Martinez* is no help to him. Justice Kennedy makes it clear that the *Martinez* exception to *Coleman* is limited to claims of ineffective assistance at trial. He notes the distinction between initial-review collateral proceedings and other collateral proceedings and notes that the exception is carved from *Coleman* only for the former. 132 S. Ct. at 1316. In discussing possible *stare decisis* objections to *Martinez*, Justice Kennedy wrote:

> *Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true **except** as to initial-review collateral proceedings **for claims of ineffective assistance of counsel at trial.** *Coleman* itself did not involve an occasion when an attorney erred in an initial-review collateral proceeding with respect to a claim of ineffective trial counsel; and in

---

3 Apparently Assistant State Public Defender Jane Perry per Doc. No. 165, PageID 1451.

the 20 years since *Coleman* was decided, we have not held *Coleman* applies in circumstances like this one.

132 S. Ct. at 1319 (emphasis added). Finally, at the end of his opinion, he stated:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. 1320.

Ineffective assistance by *Murnahan* counsel does not come within *Martinez* because *Murnahan* motions can raise only ineffective assistance of appellate counsel claims, not ineffective assistance of trial counsel claims.

This leaves Sheppard with the argument that his ineffective assistance of trial counsel claim necessarily depends on evidence outside the record on appeal. Recall that the claim is "[t]rial counsel should have submitted evidence from Dr. Smalldon or another expert to show that Jones' nutshell definition of paranoid schizophrenia was misleading and inaccurate." (Amended Petition, Doc. No. 77, at 46-48.) The time for submission of such evidence would have been in connection with the motion for new trial.

On June 13, 1995, trial attorney Robert J. Ranz filed the Motion for New Trial (Return of Writ ("ROW") App'x Vol II, pp. 1-4). Attached to that motion is a transcript of proceedings before Judge Crush on May 30, 1995. During that proceeding Juror Fox admitted contacting Helen Jones during the penalty phase of the trial. Fox averred that he had not discussed what Ms. Jones told him with any of the other jurors and what she said had not influenced his decision. *Id.* p. 6. He testified that what he heard from her did not differ from what he had heard at trial from

Dr. Smalldon, that it did not make him favor the prosecution, and that he would not have come to a

different conclusion if he had not made the call. *Id.* p. 7. The call was made before the start of

deliberations in the penalty phase. *Id.* at p. 8. Prosecutor Piepmeier opposed the motion for new

trial with the statement that Ohio R. Evid. 606(B) prevents a juror from being the source of his own

disqualification. *Id.* at p. 37. Also attached was Mr. Ranz's Affidavit reminding Judge Crush

that Dr. Smalldon had testified at length at trial about paranoid schizophrenia and his diagnosis of

that illness in Mr. Sheppard.

To satisfy the *aliunde* rule, Mr. Ranz obtained and presented an August 29, 1995, Affidavit

of Helen Jones that she received a phone call from Juror Fox on May 16, 1995 (ROW, App'x Vol.

II, p. 40). She avers she gave Mr. Fox a brief description and explanation of paranoid

schizophrenia. *Id.* The prosecutor then procured a new Affidavit from Ms. Jones in which she

averred that she had reviewed a transcript of Dr. Smalldon's testimony and that what she said to

Juror Fox was totally consistent with that testimony (ROW, App'x Vol. II, p. 53). Judge Crush

summarily denied the Motion for New Trial (ROW, App'x Vol. II, p. 58).

The fountainhead of Ohio's criminal *res judicata* doctrine is found in *State v. Perry*, 10

Ohio St. 2d 175 (1967), where the syllabus reads:

> 6. Where a judgment of conviction is rendered by a court having
> jurisdiction over the person of the defendant and jurisdiction of the
> subject matter, such judgment is not void, and the cause of action
> merged therein becomes *res judicata* as between the state and the
> defendant.
>
> 7. Constitutional issues cannot be considered in postconviction
> proceedings under Section 2953.21 et seq., Revised Code, where
> they have already been or could have been fully litigated by the
> prisoner while represented by counsel, either before his judgment of
> conviction or on direct appeal from that judgment, and thus have

been adjudicated against him.

8. The Supreme Court of Ohio will apply the doctrine of *res judicata* in determining whether postconviction relief should be given under Section 2953.21 et seq., Revised Code.

9. Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

*Perry*, 10 Ohio St. 2d at 175-176.

*Perry* continues to be good law. *Williams v. Anderson*, *supra.* Under *Perry*, Sheppard was barred from litigating his claim of ineffective assistance of trial counsel in post-conviction if he could have litigated it on direct appeal.

Sheppard's appeal counsel had available as part of the direct appeal record the following relevant evidence: (1) Fox's testimony about making the call to Jones and the response he received; (2) two affidavits from Helen Jones on what she said to Fox and how it compared to Smalldon's testimony; and (3) the evident lack of any affidavit from Dr. Smalldon. If appellate counsel believed, as current counsel believe, that the absence a Smalldon affidavit was crucial, its absence was apparent on the face of the record. Of course, they would still have been required to show prejudice from the absence of the affidavit, but for that they had available all of Dr. Smalldon's trial testimony on paranoid schizophrenia. If there are inconsistencies between Jones' definition as given to Fox and Smalldon's testimony, those inconsistencies could readily have been pointed out to the court of appeals from the evidentiary materials already in the record. Direct appeal counsel could have argued ineffective assistance of trial counsel based on the record

they had on direct appeal. Because they could have argued the claim on direct appeal, *res judicata* would have barred Sheppard from raising it in his first Ohio Revised Code § 2953.21 petition. Because it would have been barred from consideration, it cannot have been ineffective assistance in the *Martinez*-incorporating-*Strickland* sense for initial post-conviction counsel to have failed to raise it. Ohio law required Sheppard to raise his ineffective assistance of trial counsel claim on direct appeal. Consequently, M*artinez* is not applicable.

**2.     It Was Not Ineffective Assistance of Post-Conviction Counsel to Fail to Make the Ineffective Assistance of Trial Counsel Claim Pled in Sub-part 6 of Ground Nine.**

For the reasons just given, to wit, that this claim was required to be raised on direct appeal under Ohio law, it was not ineffective assistance of post-conviction counsel to fail to make the ineffective assistance of trial counsel claim in the first post-conviction petition.

**3.     The Ineffective Assistance of Trial Counsel Claim made in Ground Nine, Sub-part Six, is Arguably Substantial or Has Some Merit.**

The third element required to be proved under *Martinez* is that the underlying ineffective assistance of trial counsel claim is "substantial . . . which is to say that the prisoner must demonstrate that the claim has some merit." 132 S.Ct. at 1318.

Immediately following this quotation, Justice Kennedy's opinion reads "Cf. *Miller-El v. Cockrell*, 537 U. S. 322, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (describing standards for

certificates of appealability to issue)." Sheppard reads this citation as "equating the relevant

standard to those necessary for issuance of a certificate of appealability." (Motion, Doc. No. 150,

PageID 921.) Because the introductory signal "cf." means "compare," it is not clear that the

Supreme Court is equating the appealability standard with the substantiality requirement.

In this case, without concluding the two standards have been equated, the Magistrate Judge

believes the ineffective assistance of trial counsel claim has "some merit" because, as Sheppard

notes, all courts to consider the matter have found Juror Fox's phone call to be misconduct, but all

have agreed there was no prejudice demonstrated. An additional affidavit from Dr. Smalldon of

the sort hypothesized in Ground Nine, sub-claim six could possibly have had an impact on that

conclusion.

**4.      The Motion Does Not Meet the General Standards for Relief from Judgment**

Relief should be granted under Fed. R. Civ. P. 60(b)(6) only in unusual circumstances

where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th

Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v.

Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir.

1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is

warranted only in exceptional or extraordinary circumstances not addressed by the other numbered

clauses of Rule 60. *Dellatifa*; *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294

(6th Cir. 1989). A change in decisional law is usually not, by itself, an extraordinary

circumstance. *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Blue Diamond Coal Co. v. Trs. of the

*UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). Subsection (b)(6) is properly

invoked only in "unusual and extreme situations where principles of equity mandate relief."

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006) (internal quotation marks omitted).

Sheppard argues that the following extraordinary circumstances exist in this case. First, it

is a death penalty case (Motion, Doc. No. 150, PageID 911). Second, the "change in law in

*Martinez* precisely addresses the issue with Sheppard's [ineffective assistance of trial counsel]

claim." *Id*. "Third, Sheppard's *Martinez* claim is strong" because without relief from judgment

his ineffective assistance of trial counsel claim will never have been heard on the merits by any

court. *Id*. at 912.

*Stokes v. Williams*, 475 F.3d 732 (6th Cir. 2007), cited by Sheppard, is a habeas case in

which the petition had been dismissed as untimely under circuit law as it existed before *Abela v.*

*Martin*, 348 F.3d 164 (6th Cir. 2003). The petition would have been timely under *Abela* and the

petitioner sought relief from judgment under Fed. R. Civ. P. 60(b)(6). Affirming denial of relief

from judgment and summarizing the standard under Fed. R. Civ. P. 60(b)(6), the Sixth Circuit

wrote:

> As recognized by the district judge in this case, in evaluating claims
> for relief pursuant to Rule 60(b)(6), federal courts have consistently
> held "that a change in decisional law is usually not, by itself, an
> 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue*
> *Diamond Coal Co*., 249 F.3d at 524. *See also Gonzalez v. Crosby*,
> 545 U.S. 524, 125 S. Ct. 2641, 2650, 162 L. Ed. 2d 480 (2005);
> *Agostini v. Felton,* 521 U.S. 203, 239, 117 S. Ct. 1997, 138 L. Ed. 2d
> 391 (1997); *Overbee*, 765 F.2d at 580. The respondent in this case in
> fact cites this line of decisions in opposing Stokes's claim for relief
> based upon the *en banc Abela* ruling. Especially prominent in his
> appellate argument is his reliance upon *Gonzalez*, a case in which
> the United States Supreme Court ruled that a change in the way the
> applicable habeas corpus statute-of-limitations period could be
> tolled did not resurrect a habeas petition that had been dismissed as

untimely in accordance with earlier precedent. As stated by the Court, "The District Court's interpretation was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation of 28 U.S.C. § 2244(d)(2). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez*, 125 S. Ct. at 2650.

475 F.3d at 735-736. The *Stokes* court particularly noted that a change in decisional law is less supportive of 60(b)(6) relief when the judgment has become final, as has the judgment in this case with issuance of the mandate. *Id.* at 736. Although *Stokes* was not a capital case, the petitioner was serving a life sentence for rape. The effect of denying 60(b)(6) relief was that the petitioner never got federal court consideration of any of his habeas corpus claims, not just the one sub-claim asserted here. The *Stokes* court quoted with approval the test under 60(b)(6) enunciated in *Blue Diamond Coal Co., supra*: "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" 249 F.3d at 529 (*quoting Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Although this is a death penalty case, that fact cuts both ways with respect to the instant Motion. This case has been thoroughly considered by the Ohio and federal courts. Even though the case was presented to the United States Supreme Court within weeks after the *Martinez* decision, that Court did not see this ineffective assistance of trial counsel claim as so important as a matter of justice to apply *Martinez,* perhaps because it was not asked.[4] It is always in the interest of a death row inmate to seek further review because further review delays execution of

---

[4] If the Martinez claim is as strong as counsel assert, why didn't they present it directly to the Supreme Court when they had the opportunity?

sentence.  In his typically trenchant fashion, Justice Scalia spelled out the likely dynamics in his dissent in *Martinez*:

> Whether counsel appointed for state collateral review raises the ineffective-assistance-of-trial-counsel claim *or not*, federal habeas review will proceed. In practical effect, that may not make much difference in noncapital cases (except for the squandering of state taxpayers' money): The defendant will stay in prison, continuing to serve his sentence, while federal habeas review grinds on. But in capital cases, it will effectively reduce the sentence, giving the defendant as many more years to live, beyond the lives of the innocent victims whose life he snuffed out, as the process of federal habeas may consume. I *guarantee* that an assertion of ineffective assistance of trial counsel will be made in all capital cases from this date on, causing (because of today's holding) execution of the sentence to be deferred until either that claim, or the claim that appointed counsel was ineffective in failing to make that claim, has worked its way through the federal system.

132 S. Ct. at 1323-1324 (emphasis sic). Thus the fact that this is a death penalty case does not weigh unequivocally in favor of reopening the judgment.

Second, contrary to Sheppard's assertion, the change in law in *Martinez* does not "precisely address[ ] the issue with Sheppard's IAC claim." (Motion, Doc. No. 150, PageID 911.)  As pointed out at length above, Ohio is not a State like Arizona in which all claims of ineffective assistance of trial counsel must be brought in post-conviction.  In fact, the "fit" of the change of law with a habeas petitioner's claims was much closer in *Stokes, supra*, and in *Gonzalez v. Crosby,* 545 U.S. 524 (2005), but relief under Fed. R. Civ. P. 60(b)(6) was denied in both of those cases.

Third, Sheppard's *Martinez* claim is not strong, despite his assertion to the contrary. Remember, the defaulted claim is that trial counsel rendered ineffective assistance in not adding an affidavit of Dr. Smalldon to the new trial motion.  The asserted excusing cause is failure to

include that claim in the first post-conviction petition. Sheppard has not made a strong showing that that particular claim is so strong that it would likely have resulted in granting the first petition. Because *Martinez* is new, the courts have not yet developed standards for evaluating the performance of post-conviction counsel, aside from the announcement by the Supreme Court that *Strickland v. Washington* applies. *Strickland* also applies to claims of ineffective assistance of appellate counsel, but different tasks are involved in trying and appealing cases. To some extent, post-conviction counsel will, as appellate counsel must, choose among available claims to raise, and this would not have been a particularly strong argument to make, given that counsel moving for a new trial already had Dr. Smalldon's trial testimony from which to argue.

An unspoken premise of Sheppard's argument is that, if they had tried harder, counsel moving for the new trial could have obtained the evidence eventually presented during the evidentiary hearing in this Court, where Juror Fox essentially repudiated his trial court testimony and Ms. Jones repudiated her second affidavit. But they offer no proof that such repudiations would have been obtainable at the time the motion for new trial was made or even that they represent the state of mine of Fox and Jones at the time. And Sheppard's attempt to stretch the Sub-part six claim to cover all the testimony given in federal court is also unavailing. The claim as pled and adjudicated in this Court and in the Sixth Circuit is that counsel on the new trial motion were ineffective for failure to include additional evidence from Dr. Smalldon or a similar expert on how misleading Jones' definition was. There is no "harsh injustice" in the failure of any court to decide that claim on the merits.

**Conclusion**

In sum, Sheppard has not shown sufficient extraordinary circumstances to outweigh the interests of the State of Ohio in the finality of this Court's judgment. The Motion should be denied.

August 20, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).