IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

    Petitioner,

Case No. 1:00-cv-493

    -vs-

District Judge Gregory L. Frost
Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
 Chillicothe Correctional Institution,

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON (FIRST) MOTION FOR RELIEF FROM JUDGMENT

Petitioner Bobby Sheppard filed a motion for relief from judgment in this case in order to amend and add lethal injection claims parallel to those added to many of the capital habeas corpus cases pending in this District and identical to those pled in his new case, *Sheppard v. Robinson*, No. 1:12-cv-198 (Doc. No. 144). I recommended denying this Rule 60(b) Motion[1] to preserve the finality of the judgment in this case, which has already been affirmed on appeal and received certiorari review from the Supreme Court (Report, Doc. No. 152). I also noted in the Report that this would still allow Sheppard to litigate his habeas lethal injection claims in the new case, where I have recommended denying the Warden's objection that the Petition there is a "second or successive" petition.

---

[1] Petitioner has another Fed. R. Civ. P. 60(b) Motion pending to obtain reopening in light of *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) (Doc. No. 150). I have recommended denying the other motion as well (Report, Doc. No. 166). Petitioner has objected to that Report as well (Doc. No. 169), but the Objections are not yet ripe.

Petitioner has nonetheless objected to denial of this first Rule 60(b) Motion (Doc. No. 156) and the District Court has recommitted the matter for reconsideration in light of the Objections (Doc. No. 157).   The Warden has not filed a response to the objections.

Sheppard makes no comment as to why proceeding in the new case does not sufficiently protect his interests.   Instead, he concentrates on why he should be allowed to reopen this case (Objections, Doc. No. 156, PageID 999-1003).

The Report expressed the Magistrate Judge's uncertainty about how reopening the judgment would affect the rulings made in reaching finality.   Because there seemed to be no need to risk the prior judgment's finality in order to allow Sheppard to litigate his new lethal injection claims, the Report relied on "significant policy concerns" to recommend denial of the first Motion to Reopen (Report, Doc. No. 152, PageID 958).

The Objections assert that the "Magistrate Judge's policy concerns can be allayed [because] . . . [r]eopening the Court's judgment to allow Sheppard [to add his lethal injection claims] would not affect any other portions of that judgment," (Objections, Doc. No. 156, PageID 1000), *citing Ruiz v. Quarterman*, 504 F.3d 523, 524-26 (5th Cir. 2007); Cald*well v. Chicago*, No. 08-c-710, 2009 WL 1010695, *2-4 (N.D. Ill. Apr. 15, 2009); *Hadix v. Caruso*, No. 4:92-cv-110, 2009 U.S. Dist. LEXIS 52884, *8-10(W.D. Mich. Mar. 31, 2009); and *Runningeagle v. Ryan*, No. 07-99026, Order, Doc. No. 59-1 (9th Cir. July 18, 2012).

Sheppard asserts that "*Ruiz* is almost directly on point," (Objections, Doc. No. 156, PageID 1000), but the Magistrate Judge disagrees. The Fifth Circuit noted that under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a Rule 60(b) motion does not present a "claim" for habeas relief if the prior ruling by the district court was not on the merits.   504 F.3d at 526.   In *Ruiz* the previous ruling

had not been on the merits, but for failure to exhaust. In this case the prior dismissal was on the merits. And the abuse of discretion finding in *Ruiz,* cited by Sheppard, applied because the district court had found the underlying ineffective assistance claim to be "significant, potentially meritorious" and Ruiz had no other forum in which to litigate it. 504 F.3d at 530, 532. Here Sheppard has the new case in which to receive merits consideration of his lethal injection claims.[2] Most importantly, *Ruiz* nowhere holds that reopening the prior judgment will have no impact on the rulings already made in the case.

*Caldwell v. City of Chicago*, 2009 WL 1010695 (N. D. Ill. Apr. 15, 2009), was a civil action under 42 U.S.C. § 1983 where the litigants sought relief from a prior interlocutory protective order. Why the court believed Fed. R. Civ. P. 60(b) was applicable to a non-final order is not stated.[3] The court only granted relief to the extent it was unopposed by the City of Chicago and its police officers. There is no statement in the opinion supporting the proposition that modifying an order for one purpose has no effect on the balance of the order. Because federal courts have authority to modify interlocutory orders without insisting on compliance with Fed. R. Civ. P. 60(b), *Caldwell* is of no assistance in deciding the instant Motion.

*Hadix v. Caruso*, 2009 U.S. Dist. LEXIS 52884 (W. D. Mich. Mar. 31, 2009), involved reopening a long-standing consent decree in a prison conditions case under § 1983. The State of Michigan, in seeking termination of the consent decree in 2009, argued it never should have been reopened in 2006. The state lost that battle, but won the war in that the permanent injunction was dissolved. The district court recognized the validity of the policy concerns relied on by the

---

2 If the District Judge concludes the Magistrate Judge is wrong and the new case is "second or successive," then that same rationale would apply to prevent the amendment in this older case, per *Gonalez, supra.*
3 "Rule 60 regulates the procedures by which a party may obtain relief from a **final** judgment."Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2851.

Magistrate Judge in this case:

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief.

*Hadix* at *8, *quoting Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519 (6th Cir. 2001) (internal punctuation and citations omitted); *accord Ford Motor Co. v. Mustangs Unlimited, Inc*., 487 F.3d 465 (6th Cir. 2007).  Although relief was sought in *Hadix* under Fed. R. Civ. P. 60(b)(6), resort for relief from the prospective effects of an injunction would almost always be sought instead under Fed. R. Civ. P. 60(b)(5).  *See* Wright, Miller & Kane, Federal Practice & Procedure:   Civil 2d § 2863.  The considerations respecting modification of a permanent injunction are obviously different from those involving a final judgment about past facts, which is what is involved here.

Finally, *Runningeagle v. Ryan*, No. 07-99026, 2012 U.S. App. LEXIS 14682 (9th Cir. July 18, 2012), is a circuit court remand for a limited purpose, retaining jurisdiction over the balance of the case.  It does not in any way stand for the proposition that a district court can limit the effect of reopening a judgment to just allowing new claims to be pled.

Thus Petitioner has cited no authority from any court which states that reopening a judgment to allow new claims to be pled maintains the finality of the balance of the judgment. Because Sheppard can litigate his new lethal injection claims in the new case, the "public policy favoring finality of judgments" enunciated by the Sixth Circuit in *Blue Diamond, supra*, should be

dispositive of the instant Motion. It is again respectfully recommended that the Motion be denied.

October 2, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).