IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY T. SHEPPARD,**

       **Petitioner,**

v.                                                   Case No. 1:00-CV-493
                                                          JUDGE GREGORY L. FROST
**MARGARET BAGLEY, Warden,**         Magistrate Judge Michael R. Merz

       **Respondent.**

## OPINION AND ORDER

This is a death penalty habeas corpus case. The matter is before this Court upon Petitioner's notice of appeal (ECF No. 176) and motion for a certificate of appealability (ECF No. 175). Also before the Court are Respondent's memorandum in opposition (ECF No. 177) and Petitioner's reply (ECF No. 178).

### I. Overview

On March 4, 2009, this Court entered judgment against Petitioner and dismissed his habeas corpus petition. (ECF No. 134.) The Sixth Circuit on September 14, 2011, affirmed this Court's decision (ECF No. 140) and the United States Supreme Court on June 15, 2002, denied *certiorari* (ECF No. 149). Petitioner filed two separate motions for relief from judgment, one on April 17, 2012, and the other on June 15, 2012. In his April 17, 2012 motion for relief from judgment, Petitioner sought to reopen this case for the purpose of adding two new claims raising Eighth and Fourteenth Amendment challenges to the Ohio's execution policy, procedures, and practices. In his June 15, 2012 motion for relief from judgment, Petitioner asked this Court to reopen his case for the purpose of reconsidering the Court's original decision denying as

1

procedurally defaulted a particular claim of ineffective assistance of trial counsel. The Magistrate Judge issued a Report and Recommendations on August 20, 2012 (ECF No. 166) and a Supplemental Report and Recommendations on October 2, 2012 (ECF No. 170) recommending that this Court deny both of Petitioner's motions. This Court agreed with and adopted the Magistrate Judge's recommendations, issuing an Opinion and Order on January 14, 2013 (ECF No. 172) that denied both of Petitioner's motions.

Petitioner seeks to appeal only the decision denying his June 15, 2012 motion for relief from judgment. (ECF No. 175.) An appeal from the denial of a habeas corpus action may not proceed unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). To that end, Petitioner on February 13, 2013, filed the instant motion for a certificate of appealability. (ECF No. 175.)

Petitioner seeks to revive a defaulted claim of ineffective assistance of trial counsel— namely sub-part (6) of his ninth ground for relief. There, Petitioner argued that his trial counsel were ineffective for failing to support a motion for a new trial with evidence demonstrating that Petitioner suffered actual prejudice resulting from juror misconduct. The basis underlying Petitioner's June 15, 2012 motion for relief from judgment was the Supreme Court's decision of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), where the Supreme Court held that the ineffective assistance of initial collateral review counsel may constitute cause and prejudice to excuse the default of a claim of ineffective assistance of trial counsel. Petitioner argues that this Court should reverse its previous procedural default determination and review his claim of ineffective assistance of trial counsel on the merits. Relying on *Martinez*, Petitioner asserts that it was the constitutionally ineffective assistance of his postconviction counsel that resulted in the

2

procedural default of the underlying claim of ineffective assistance of trial counsel. In so arguing, Petitioner emphasizes that "no court has ever considered Sheppard's claim that he received ineffective assistance when his trial counsel failed to investigate, develop and present evidence that would have demonstrated that Sheppard was prejudiced by undisputed juror misconduct." (ECF No. 175, at PAGEID #: 1584.) The essence of Petitioner's argument urging this Court to issue a certificate of appealability ("COA") is that this Court has already found that Petitioner satisfied the standard for a COA when it found that the underlying claim of ineffective assistance at a minimum has some merit. (*Id*. at PAGEID#: 1589.)

Respondent opposes Petitioner's motion, asserting that this Court's decision denying Petitioner's motion for relief from judgment presents no issues worthy of further review on appeal under 28 U.S.C. § 2253(c)(2). (ECF No. 177.) Noting that "[t]he core of the Court's holding is the Court's finding that at the times in question there was no basis for trial or post-conviction counsel to question the veracity of the sworn testimony of Juror Fox or the sworn statements of Ms. Jones," Respondent argues "that the Court's finding is beyond reasonable dispute." (*Id*. at PAGEID #: 1617.)

## II. Standard of Review

As noted above, an appeal from the denial of a habeas corpus action may not proceed unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). To warrant a certificate of appeal ability, a petitioner must make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997). The petitioner need not demonstrate that he or she will prevail on the merits; the petitioner needs only

3

to demonstrate that the issues he or she seeks to appeal are deserving of further proceedings or are reasonably debatable among jurists of reason. *Barefoot*, 463 U.S. at 893 n.4. The Supreme Court has explained that, "[where a district court has rejected the constitutional claims on the merits, the showing required to satisfy 28 U.S.C. § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDonnell*, 529 U.S. 473, 484 (2000).

This analysis should also be applied when the Court has denied a claim on procedural grounds. *Id*. at 483; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). When the Court dismisses a claim on procedural grounds, a certificate of appealability is warranted when the petitioner demonstrates (1) that jurists of reason would find it debatable whether the petition states a valid claim and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

### III. Discussion

The Court is satisfied that reasonable jurists could find debatable or wrong this Court's decision denying Petitioner's June 15, 2012 motion for relief from judgment. That being so, Petitioner's motion warrants a certificate of appealability under 28 U.S.C. § 2253(c)(2).

The Court begins with the threshold determination of whether Petitioner satisfied the "extraordinary circumstances" standard for permitting relief from judgment under Fed. R. Civ. P. 60(b)(6). *See, e.g., Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) ("relief under Rule 60(b)(6) … requires a showing of 'extraordinary circumstances.' "). It is beyond dispute that reasonable jurists could find debatable whether *Martinez v. Ryan* represents a significant change in the law sufficient to constitute "extraordinary circumstances." It is beyond dispute because reasonable

4

jurists *already have* found the issue debatable. *Compare Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) (finding that the change heralded by *Martinez v. Ryan* was "hardly" extraordinary), *with Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012) (characterizing the change heralded by *Martinez v. Ryan* as "remarkable").

The Court is also satisfied that reasonable jurists could find debatable the issue of whether the underlying claim of ineffective assistance of trial counsel is strong. Petitioner is correct that the Court already characterized the claim as having some merit. (ECF No. 172, at PAGEID #: 1570.) The Court reaches that conclusion both because of the purported nature of trial counsel's alleged error in failing to develop and introduce evidence of actual prejudice stemming from the juror misconduct—namely a misapprehension of the law governing whether counsel was required to produce such evidence—and the arguable prejudice stemming from counsel's failure to produce the evidence. Although the record demonstrating the perspective of both trial counsel litigating the motion for new trial and new counsel litigating Petitioner's postconviction action revealed no reason for either counsel to have questioned the veracity of Juror Fox and Ms. Jones insisting that Ms. Jones's characterization of paranoid schizophrenia did not influence Juror Fox's decision to vote for recommending the death penalty, the Court acknowledges that evidence developed during an evidentiary hearing before the Magistrate Judge established exactly the opposite. These factors amply demonstrate that reasonable jurists could find debatable whether the underlying claim of ineffective assistance of counsel is strong.

Concerning the relative strength of the claim of ineffective assistance of trial counsel, it is true, as Petitioner repeatedly asserts, that through no fault of Petitioner's, no court has ever reviewed this claim of ineffective assistance of trial counsel. The Court concludes that

reasonable jurists could find debatable or wrong whether all of these factors outweigh the important interest favoring the finality of judgments sufficient to warrant further consideration of this matter on appeal. *See, e.g., Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001) ("the decision to grant Rule 60(b)(6) relief is case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.' " (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984))).

In opposing Petitioner's motion for a certificate of appealability, Respondent stresses that "Sheppard does not point to any facts or evidence which would have led counsel to reasonably anticipate that Juror Fox or Ms. Jones would have repudiated their testimony and statements if questioned further." (ECF No. 177, at PAGEID #: 1617-1618.) As the Court noted above, however, although that is a fair characterization of the record at the time trial counsel litigated the motion for a new trial and new counsel litigated Petitioner's postconviction action, the fact that both Juror Fox and Ms. Jones during the federal evidentiary hearing *did* repudiate their testimony and statements provides a basis for concluding that reasonable jurists could find this issue debatable or wrong.

Respondent also asserts that, contrary to Petitioner's position, the Sixth Circuit never actually held that trial counsel were professionally deficient for failing to question Juror Fox and Ms. Jones further in an effort to demonstrate that but for Ms. Jones' mischaracterization of paranoid schizophrenia, Juror Fox might not have voted to recommend the death penalty. (*Id.* at 1618.) The Court is not persuaded that the Sixth Circuit's ruminations at issue inform the

6

determination of whether this matter warrants a certificate of appealability. The Court has reviewed the portion of the Sixth Circuit's decision affirming the Court's decision denying habeas corpus relief that both Petitioner and Respondent have cited. *See Sheppard v. Bagley*, 657 F.3d 338, 343 (6th Cir. 2011). In rejecting Petitioner's juror misconduct claim, the Sixth Circuit explained why it could not consider the new evidence that Petitioner had developed during the habeas corpus proceedings. Although the Sixth Circuit made passing remarks about what trial counsel did (or more precisely, did *not* do) to develop evidence establishing actual prejudice from the juror misconduct, the Sixth Circuit said nothing one way or the other about trial counsel's performance under the two-part *Strickland* test. For that reason, this Court is not persuaded that the Sixth Circuit's remarks inform either the issue of whether reasonable jurists could find debatable the issue of whether the underlying claim of ineffective assistance of trial counsel is strong or this Court's decision denying Petitioner's motion for relief from judgment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Petitioner's motion for a certificate of appealability (ECF No. 175) and accordingly **certifies for appeal** the Court's January 14, 2013 decision (ECF No. 172) that denied Petitioner's June 15, 2012 motion for relief from judgment (ECF No. 150).

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE