# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

BOBBY T. SHEPPARD,

|  |  |  |
|---|---|---|
| Petitioner, | : | Case No. 1:00-cv-493 |
| - vs - |  | District Judge Gregory L. Frost<br>Magistrate Judge Michael R. Merz |
| NORM ROBINSON, Warden,<br> Chillicothe Correctional Institution, |  |  |
|  | : |  |
| Respondent. |  |  |

# REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Second[1] Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)(ECF No. 181[2]). The Warden opposes the Motion (ECF No. 182) and Petitioner has filed a Reply in Support (ECF No. 183).

Sheppard previously moved for relief from judgment under Rule 60(b)(6) on the basis of *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). The Court denied that Motion. *Sheppard v. Robinson,* 2013 U.S. Dist. LEXIS 5565 (S.D. Ohio Jan. 14, 2013), and Sheppard's appeal is pending before the Sixth Circuit, this Court having granted a certificate of appealability.

Sheppard moved the Sixth Circuit to remand the case to this Court "for further consideration of his Rule 60(b)(6) motion in light of newly-developed [sic] evidence."

---

[1] Thus labeled by Petitioner's counsel.  In fact, Sheppard has filed two previous motions for relief from judgment, ECF Nos. 144 and 150.
[2] This Court has been accustomed to cite to federal court records by document number ("Doc. No.")  However, the Bluebook prescribes use of "ECF No."  A Uniform System of Citation, Rule 10.8.3 (20th ed.).

(Sheppard's Motion to Remand, No. 13-3165, ECF No. 44-1, p. 2 (6th Cir. 7/17/2014).)   The circuit court denied the remand, noting that the Sixth Circuit had held *Martinez* does not apply to Ohio and that the circuit had not yet decided whether *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), changes that result.  *Sheppard v. Robinson*, Case No. 13-3165 (6th Cir. Nov. 12, 2014)(unreported, copy at ECF No. 180, PageID 1636).  It further held that "Sheppard cannot demonstrate that the newly developed evidence constitutes the exceptional circumstances necessary for relief under Rule 60(b)(6)."  *Id.*, citing *McGuire v. Warden*, 738 F.3d 741, 750 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 998 (2014).  The instant Motion followed.

## Jurisdiction to Grant the Motion

The Warden asserts this Court lacks jurisdiction to grant the instant Motion because of the pendency of the appeal (Memo. in Opp., ECF No. 182, PageID 1699).

Sheppard responds that this Court has jurisdiction to grant the Motion because "the appeal currently pending before the Sixth Circuit is not an appeal from a *judgment* [emphasis sic] entered by this Court."  (Reply, ECF No. 183, PageID 1703-04.)  In the alternative, he urges the Court to give an indicative ruling on the Motion under Fed. R. Civ. P. 62.1.

Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals.  *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).  The general rule used to mean that a district court had no

jurisdiction to consider a motion for relief from judgment after a timely notice of appeal. However, effective December 1, 2009, the Rules of Civil Procedure were amended to add Fed. R. Civ. P. 62.1 which provides:

> **Rule 62.1.  Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal**
>
> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or
>   (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Sheppard's argument that his appeal does not divest this Court of jurisdiction because it is not an appeal from the judgment is without merit.  28 U.S.C. § 1291 grants the courts of appeals jurisdiction over "final decisions of the district courts," whether or not a separate judgment has been entered on the decision.  See *Good v. Ohio Edison Co*., 149 F.3d 413 (6th Cir. 1998).  Even though decisions denying motions for relief from judgment are final, it is not the current practice in federal courts to enter a clerk's judgment on those orders and District Judge Frost did not order entry of a separate judgment when he denied Sheppard's first and second motions for relief from judgment (Opinion and Order, ECF No. 172).  Nor did Sheppard seek entry of a separate judgment in order to be able to appeal.  Nor has the Warden asserted the Sixth

Circuit lacks jurisdiction because there is no separate judgment.

Sheppard is correct that jurisdiction over his case revested in this Court when the Sixth Circuit issued its Mandate on July 9, 2012 (ECF No. 154). That is why the Court had authority to decide the Rule 60(b)(6) Motions previously filed. But the Court again lost jurisdiction when Sheppard appealed denial of those previous Motions.

Sheppard asserts this Court has jurisdiction to grant the Motion because "his instant motion concerns matters not at issue in that appeal" (Reply, ECF No. 183, PageID 1704, citing *Oliver v. Kalamazoo Bd. of Educ.*, 640 F.2d 782 (6th Cir. 1980)). That case involved an assertion that a district court did not have authority in a desegregation case to order implementation of certain ancillary programs. The case was before the Sixth Circuit on appeal from an interlocutory order under 28 U.S.C. § 1292, not under § 1291. In any event, there is no consideration in the opinion of the issue now before this Court, to wit, jurisdiction to consider a new Rule 60(b)(6) motion while an appeal is pending from denial of a prior 60(b) motion.

Sheppard agrees that if this Court's granting the Motion "would moot the matters pending on appeal, then the instant motion would involve matters pending on appeal." (Reply, ECF No. 183, PageID 1705). He argues:

> But that is not the case here; if this Court granted Sheppard's instant motion—predicated as it is on the totality of the factors alleged in the motion, including the Supreme Court's opinion in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013) and evidence newly developed in light of *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)—it would not necessarily affect the Sixth Circuit's appellate review of the order denying Sheppard's first motion.

*Id.* But granting the Motion would indeed moot the appeal. Sheppard would be free to pursue

4

his claims in the reopened case and the Sixth Circuit's eventual decision on whether this Court was right to deny relief from judgment on a narrower record would be of merely academic interest.

The Magistrate Judge concludes the Court has no jurisdiction to grant the Second Motion for Relief from Judgment.


**Indicative Ruling on the Motion**


Under Fed. R. Civ. P. 62.1, then, this Court may defer consideration of the Motion, deny it, or indicate to the Court of Appeals that it would grant the Motion if the case were remanded.

The newly-developed evidence on which Sheppard relies for relief from judgment consists of (1) the May 9, 2014, Declaration of Robert Ranz who was one of Sheppard's trial attorneys, and 2) the May 6, 2014, Declaration of Kevin Durkin who represented Sheppard in state post-conviction proceedings (Exhibits 1 and 2 to Motion, ECF No. 181, PageID 1687-96).

Sheppard moved the Sixth Circuit to remand the pending appeal in light of these two Declarations and the *Trevino* decision. That Court denied the remand for the reasons quoted above, expressly holding that the "newly-developed evidence" did not constitute the extraordinary circumstances required for reopening a judgment under Fed. R. Civ. P. 60(b)(6) and citing *McGuire* which held that

> The single fact that *Trevino* has been decided does not change the balance of these factors sufficiently to require Rule 60(b) relief. It "is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)

> (quoting *Blue Diamond,* 249 F.3d at 524)); see also *Gonzalez v. Crosby,* 545 U.S. 524, 536-37, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005).

738 F.3d at 750.  Sheppard acknowledges at least obliquely that this Court must find "extraordinary circumstances" to grant relief under Rule 60(b)(6).  He then argues that, although the Sixth Circuit found the newly developed evidence did not alone constitute extraordinary circumstances and *Trevino* alone did not satisfy the requirement, this Court can consider them together and find the necessary extraordinary circumstances.

Sheppard asserts the Sixth Circuit "considered the new evidence in isolation *because that is what the Sixth Circuit explicitly wrote*:  'Sheppard cannot demonstrate that the newly developed evidence constitutes the exceptional circumstances necessary for relief under Rule 60(b)(6).' . .  (Reply, ECF No. 183, PageID 1707, emphasis in the original.)  There is no language in the Sixth Circuit's Order about considering the newly developed evidence "in isolation" from considering *Trevino* as new law.  In fact, the quoted language which is supposed to prove "isolated" consideration comes between the court's citation to *Trevino* and its citation to *McGuire* (Order,ECF No. 180, PageID 1636).  To read this language as an explicit consideration of these two factors in "isolation" from each other is to suggest a distinction that would please even the most demanding of medieval metaphysicians.  See Thomas Aquinas, *Summa Theologiæ* I, Q. 52, Art 3, on whether several angels can be at the same time in the same place.

The Warden argues that the Sixth Circuit's decision denying remand constitutes the law of the case (Memo in Opp, ECF 182, PageID 1700, citing *United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994)).  Sheppard responds that the law of the case doctrine precludes a district court from only from reconsidering identical issues.  (Reply, ECF No. 183, PageID 1707, citing

6

*Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306 (6th Cir. 1997).  In the cited case, the Sixth

Circuit interpreted the law of the case doctrine, stating

> As we have held, however, this "law of the case" doctrine is "directed to a court's common sense" and is not an "inexorable command." 479 F.2d at 494. We previously have stated three reasons to reconsider a ruling: (1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Id.*; *Coal Resources [v. Gulf & Western Industries, Inc.*,  865 F.2d at 767.

*Id.* at 312.  Sheppard's argument turns the "common sense" language of *Hanover Insurance* on

its head.  First, the Motion now before the Court is based on the identical evidence presented to

the court of appeals on the motion to remand.  Second, Sheppard has cited no subsequent

contrary view on the law.  And third, Sheppard has failed to even suggest that the denial of

remand is clearly erroneous.

The Magistrate Judge therefore concludes that the Order denying remand provides the

law of the case on the question of whether relief should be granted under Fed. R. Civ. P. 60(b)(6)

on the basis of *Trevino* and the two new declarations.   Therefore the Second Motion for Relief

from Judgment should be DENIED.

July 21, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).