IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOBBY T. SHEPPARD,**

    **Petitioner,**

    v.                                  Case No. 1:00-CV-493
                                                        JUDGE GREGORY L. FROST
**NORM ROBINSON, Warden,**        Magistrate Judge Michael R. Merz

    **Respondent.**

**OPINION AND ORDER**

    This is a death penalty habeas corpus case. On March 4, 2009, this Court issued final judgment denying Petitioner's claims and dismissing his habeas corpus action. (ECF Nos. 131 and 132.) This matter is before the Court for consideration of Petitioner's Second Motion for Relief from Judgment Under Rule 60(b)(6), or Alternatively, a Motion for Indicative Ruling Under Rule 62.1 (ECF No. 181), Respondent's memorandum in response (ECF No. 182), Petitioner's reply memorandum (ECF No. 183), the Magistrate Judge's July 21, 2015 Report and Recommendations (ECF No. 184), Petitioner's Objections (ECF No. 186), and Respondent's memorandum in response (ECF No. 188).

    Following the Court's March 4, 2009 Opinion and Order denying his claims and dismissing his habeas corpus action, Petitioner filed a March 19, 2009 motion to alter the judgment. (ECF No. 133.) This Court denied that motion on March 23, 2009. (ECF No. 134.) On September 14, 2011, the Court of Appeals for the Sixth Circuit affirmed this Court's decision dismissing the habeas corpus action (ECF No. 140), and the Supreme Court of the United States denied certiorari on June 12, 2012 (ECF No. 149).

    Petitioner then filed two more motions for relief from judgment, one seeking reopening to

permit him to add claims challenging Ohio's policies, procedures, and practices for conducting executions, and the other seeking reconsideration, on the basis of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), of this Court's denial of certain claims.  (ECF Nos. 144 and 150.)  The Magistrate Judge issued several Reports and Recommendations recommending that the Court deny Petitioner's motions.  (ECF Nos. 152, 166, and 170.)  On January 14, 2013, this Court issued an Opinion and Order adopting the Magistrate Judge's Reports and Recommendations, denying Petitioner's motions and overruling his objections.  (ECF No. 172.)  Petitioner appealed to the Sixth Circuit. [1]

While his appeal was pending, Petitioner filed a motion asking the Sixth Circuit to remand his case back to this Court for consideration of newly discovered evidence, to wit:  the Declarations of trial counsel Robert Ranz and postconviction counsel Kevin Durkin.  The Sixth Circuit denied Petitioner's motion, partly on the basis that it was unclear whether or to what extent the Supreme Court's decision in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), would apply in Ohio, but also on the basis that "[f]urther, Sheppard cannot demonstrate that the newly discovered evidence constitutes the exceptional circumstances necessary for relief under Rule 60(b)(6)."  (ECF No. 180, at Page ID # 1636.)  As the Magistrate Judge noted, "[t]he instant Motion followed."  (ECF No. 184, at Page ID # 1712.)

This most recent iteration of Petitioner's motion for relief from judgment seeks reconsideration of the same claim at issue in his preceding motion for reconsideration—namely

---

[1]  With respect to Petitioner's motion to reopen his case for the purpose of amending his petition to add method-of-execution claims, this Court denied that request for the reason that Petitioner had raised those claims in a second-in-time habeas corpus action, (Case No. 1:12-cv-198). (ECF No. 172, at Page ID # 1555-1557.) All references going forward to Petitioner's motion for Rule 60(b)(6) relief pertain to his *Martinez*-based motion, not his motion to add

2

the procedural default of his claim of ineffective assistance of trial counsel in connection with mitigation-phase juror misconduct.  This time, Petitioner bases his motion for reconsideration on the Supreme Court's opinion in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), and the Sixth Circuit's opinion in *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013).  (ECF No. 181, at Page ID # 1640.)

When this Court denied Petitioner's preceding motion for reconsideration, the Court concluded that Petitioner's postconviction counsel had not performed deficiently and to Petitioner's prejudice sufficient to excuse the procedural default of the claim Petitioner really wants to litigate:  ineffective assistance of counsel in connection with mitigation-phase juror misconduct (ground nine, sub-part six).  The essence of Petitioner's current argument is that *Trevino*, not *Martinez* controls, and that *Trevino* emphasizes the need to develop newly discovered evidence in demonstrating that postconviction counsel rendered ineffective assistance.  Petitioner asserts that the Declarations he obtained from trial counsel Robert Ranz and postconviction counsel Kevin Durkin, combined with the complete record in this case, demonstrate:  (1) ineffective assistance of postconviction counsel sufficient to permit review of Petitioner's claim of juror-misconduct ineffective assistance of trial counsel; (2) a meritorious juror-misconduct ineffective assistance of trial counsel claim; and (3) exceptional circumstances warranting Rule 60(b)(6) relief.  In tacit recognition that this Court may not possess jurisdiction to entertain his motion, in view of the fact that this Court's denial of his preceding Rule 60(b)(6) motion was at the time he filed the most recent Rule 60(b) pending on appeal to the Sixth Circuit, Petitioner alternatively requests an indicative rule from this Court pursuant to Rule 62.1.

---

method-of-execution claims.

3

(ECF No. 181, at Page ID # 1685.)

Respondent opposed Petitioner's motion on the basis that this Court was without jurisdiction to entertain Petitioner's motion, in view of the fact this Court's denial of Petitioner's preceding Rule 60(b)(6) motion was pending on appeal to the Court of Appeals for the Sixth Circuit. (ECF No. 182.) With respect to Petitioner's alternative request for a Rule 62.1 indicative ruling, Respondent argued that the Sixth Circuit's previous rejection of Petitioner's newly discovered facts is the law of this case and obviated any need for an indicative ruling. (*Id*. at Page ID # 1699-1700.) Petitioner's reply, accordingly, centered primarily on Respondent's jurisdictional argument and secondarily on Respondent's argument challenging the need for an indicative ruling. (ECF No. 183.)

On July 21, 2015, the Magistrate Judge issued Report and Recommendations recommending that this Court deny Petitioner's motion. (ECF No. 184.) The Magistrate Judge concluded in the first instance that the Court should deny Petitioner's motion because the notice of appeal that Petitioner had filed with respect to his preceding Rule 60(b)(6) motion divested this Court of jurisdiction over his case. (*Id*. at Page ID # 1712-1713.) In reaching that conclusion, the Magistrate Judge rejected Petitioner's argument that because his appeal stemmed from the denial of a motion for relief from judgment, rather than from a final judgment, the appeal did not divest this Court of jurisdiction. (*Id*. at Page ID # 1713-1714.) The Magistrate Judge also rejected Petitioner's argument that jurisdiction remained with the Court because the instant motion concerns matters not at issue in the appeal. (*Id*. at Page ID # 1714-1715.)

Finally, the Magistrate Judge concluded that no indicative ruling pursuant to Fed. R. Civ. P. 62.1 was warranted. Specifically, the Magistrate Judge concluded that the Sixth Circuit's

4

November 11, 2012 order denying Petitioner's motion to remand the case provided the law of the case on the question of whether relief should be granted under Fed. R. Civ. P. 60(b)(6). The Magistrate Judge reasoned that the instant motion was based on the identical evidence that Petitioner presented to the Sixth Circuit when he sought remand, that Petitioner did not cite any subsequent contrary review on the law, and that Petitioner did not suggest that the Sixth Circuit's denial of the remand was clearly erroneous. (*Id*. at Page ID # 1717.)

Petitioner filed objections on September 14, 2015. (ECF No. 186.) Petitioner's sole objection is that the Magistrate Judge erred in his determination about the effect of the Sixth Circuit's order denying Petitioner's motion to remand in light of newly discovered evidence on Petitioner's instant Rule 60(b)(6) motion. Petitioner explains:

> The Magistrate Judge characterized Sheppard's position as arguing that the Sixth Circuit considered the new evidence " 'in isolation' from considering *Trevino* as new law." (R&R, ECF No. 184 at PageID 1716.) Sheppard does not dispute that the Sixth Circuit considered *Trevino* in ruling on his motion. Instead, his argument for why the Sixth Circuit's order does not foreclose his new 60(b) motion is that the Sixth Circuit considered *only* the two new declarations in light of *Trevino*, and did *not* consider all of the *other* evidence that Sheppard presents in his present motion to demonstrate, in total, the existence of extraordinary circumstances.

(ECF No. 186, at Page ID # 1728.) Petitioner ends by stating that "[b]ecause the Magistrate Judge based his conclusions on an argument that Sheppard did not make, and did not consider the argument Sheppard actually makes in support of his position that the Sixth Circuit's order prohibits neither his new 60(b) motion nor an indicative ruling from this Court, Sheppard respectfully requests that this Court overrule the Report and Recommendation (ECF No. 184)." (ECF No. 186, at Page ID # 1728-1729.)

After the parties made their arguments and the Magistrate Judge issued his Report and

5

Recommendations, the Sixth Circuit on December 8, 2015, affirmed this Court's decision denying Petitioner's initial *Martinez*-based motion for reconsideration. (ECF No. 189.) The Sixth Circuit first addressed whether Petitioner's motion should be construed as a second or successive petition, answering that question as follows:

> In Sheppard's first federal habeas petition and brief in support, he asserted that his trial counsel had been ineffective because of two omissions (among others) in the state trial court: first, that counsel did not submit expert testimony to challenge the definition of paranoid schizophrenia that Jones gave to juror Fox, *see* Sheppard App'x at 1490; and second, that counsel did not elicit testimony from Jones to the effect that Fox had mischaracterized her description of paranoid schizophrenia, *see* R. 89 at 117. Sheppard's Rule 60(b) motion would add two more omissions to this list: that counsel did not obtain from Fox an admission that his conversation with Jones made it "easier" for him to vote in favor of a death sentence; and that counsel did not obtain from Jones an admission that she had not read Smalldon's testimony before submitting her affidavit to the trial court. R. 150 at 46. Neither of those omissions were set forth in Sheppard's first habeas petition. (Indeed his brief in support of that petition told the district court that Sheppard's trial counsel "could *not* have reasonably anticipated" that Jones had not read Smalldon's testimony, R. 89 at 108-09 (emphasis added), which conflicts with Sheppard's claim now that counsel should have elicited an admission to that effect.) Hence Sheppard's Rule 60(b) motion does not confine itself to the substance of his first habeas petition, but instead tries to add new grounds for relief. To that extent, therefore, Sheppard's Rule 60(b) motion "is in substance a successive habeas petition and should be treated accordingly." *Gonzalez*, 545 U.S. at 531. Thus we will not consider Sheppard's claims concerning the admissions that his trial counsel allegedly should have obtained from Fox and Jones.

(ECF No. 189, at Page ID # 1742.)

The Sixth Circuit turned next to the question of whether the two remaining omissions that Petitioner alleged met the Rule 60(b) standard to reopen this Court's judgment. The Sixth Circuit answered that question in the negative, concluding essentially that Petitioner has not shown the "extraordinary circumstances" necessary to warrant reopening. Relying on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Sixth Circuit noted first that "our court has already held that

6

the Supreme Court's decision in *Martinez* and its follow-on decision in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), are not 'extraordinary' within the meaning of Rule 60(b)(6)." (ECF No. 189, at Page ID # 1743 (citations omitted).)  Next, the Sixth Circuit found that a lack of diligence on Petitioner's part in seeking relief from the Supreme Court during direct review in his habeas corpus confirmed that *Martinez* was not an extraordinary circumstance warranting Rule 60(b)(6) relief from judgment. (*Id*. at Page ID # 1744.) "Here," the Sixth Circuit explained, "the Supreme Court had *actually issued its opinion in Martinez* a month before Sheppard filed his petition for certiorari—and yet Sheppard never mentioned the case in his petition." (*Id*. (emphasis in original).)

The Sixth Circuit concluded by "mak[ing] some points in response to our dissenting colleague." (*Id*.)  First, the Sixth Circuit disparaged the dissent's insistence on "relitigat[ing] issues we decided in Sheppard's last appeal[,]" pointing out that "[t]he Supreme Court denied certiorari as to those issues, and we are content to leave thing where they stood last time." (*Id*.) Next, the Sixth Circuit disputed the dissent's suggestion that the Sixth Circuit had previously held that Petitioner's counsel in state court had been constitutionally ineffective.  To that point, the Sixth Circuit added "that the implications of Fox's and Jones's testimony in the federal evidentiary hearing are not merely as Copernican as the dissent and Sheppard think they are." (*Id*.)  "Third," the Sixth Circuit continued, "the dissent entirely overlooks that the federal courts have already entered a final judgment denying Sheppard's petition for habeas relief in this case." (*Id*. at Page ID # 1745.)  Finally, the Sixth Circuit impugned the dissent's suggestion that *Gonzalez* was irrelevant, insisting that the circumstances presented in *Gonzalez*—namely a Rule 60(b) appeal seeking to set aside a final judgment in a habeas case on the ground that some new

7

Supreme Court decision is extraordinary—were precisely the circumstances presented by Petitioner.

As a preliminary matter, the Sixth Circuit's December 8, 2015 order denying Petitioner's preceding Rule 60(b) motion obviates any need for this Court to address the jurisdictional question presented by Petitioner's filing of the instant Rule 60(b) motion while the appeal from his preceding Rule 60(b) motion was pending.

Both the Sixth Circuit's order denying Petitioner's motion for remand and order affirming this Court's denial of Petitioner's preceding Rule 60(b) motion are dispositive of the instant motion. Neither *Trevino v. Thaler* nor the Declarations of Petitioner's trial counsel and postconviction counsel—even considered with all of the other evidence and arguments Petitioner asserts—constitute the "extraordinary circumstances" necessary to justify Rule 60(b)(6) relief. The Sixth Circuit has held as much and this Court is bound by that holding.

In his objection to the Magistrate Judge's interpretation of the Sixth Circuit's order denying his motion for remand, Petitioner asserts that the Sixth Circuit considered his newly developed evidence in isolation instead of in light of all of the evidence and arguments that Petitioner asserted. Because the Sixth Circuit did not properly *Trevino v. Thaler* in considering Petitioner's motion for remand, according to Petitioner, the Sixth Circuit's decision not to remand the case does not impact the instant motion asking for reconsideration in light of *Trevino*.

Even if the Court agreed with that interpretation of the Sixth Circuit's order—and the Court does not—the Sixth Circuit subsequently made clear in its December 8, 2015 order denying Petitioner's preceding motion that even considering the new declarations that Petitioner submitted, Petitioner did not demonstrate "extraordinary circumstances." That order is

8

dispositive because reasons the Sixth Circuit cited for why Petitioner had not shown "extraordinary circumstances" had nothing to do with the declarations.  First, the Sixth Circuit noted that the circuit had already determined that neither *Martinez* nor *Trevino* constitute "extraordinary circumstances."  That determination renders irrelevant whether the Sixth Circuit considered Petitioner's new evidence in isolation or in light of Petitioner's other evidence and arguments as *Trevino*, according to Petitioner, demands.  Second, the Sixth Circuit concluded that Petitioner's lack of diligence in raising *Martinez* in his certiorari petition from the denial of his first habeas petition undermined a finding of "extraordinary circumstances."  The declarations that Petitioner has added have no bearing on that conclusion.

Presented with the new declarations that Petitioner submitted, as well as with the other evidence and arguments Petitioner asserted, the Sixth Circuit made unmistakably clear its disinterest in giving any further consideration to Petitioner's arguments on this issue.  This Court is bound by that determination and, furthermore, fully agrees with it.  There accordingly exists no basis for this Court to grant Rule 60(b)(6) relief or a Rule 62.1indicative ruling.

For the foregoing reasons, the Court **DENIES** Petitioner's Second Motion for Relief from Judgment Under Rule 60(b)(6), or Alternatively, a Motion for Indicative Rule Under Rule 62.1 (ECF No. 181).  The Court further **OVERRULES** Petitioner's Objections to the Magistrate Judge's July 21, 2015 Report and Recommendations (ECF No. 186) and **ADOPTS** the Report and Recommendations to the extent that they recommended this Court deny Petitioner's motions.

**IT IS SO ORDERED.**

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE